0450

Kenneth COPELAND, Respondent, v. Nattie Lou NABORS, Appellant.
(329 S. E. (2d) 457)

Court of Appeals

---

*James D. Jefferies*, Greenwood, *for appellant.*

*A. Cruickshanks, IV*, Clinton, and *Wyatt T. Saunders*, Laurens, *for respondent.*

Argued March 26, 1985.

Decided April 23, 1985.

GOOLSBY, Judge:

In this action involving an automobile-bicycle collision, Nattie Lou Nabors appeals a judgment entered against her in favor of the respondent Kenneth Copeland. The jury awarded Copeland $2,553.16 in actual damages and $2,500.00 in punitive damages. We affirm.

Nabors contends the trial court erred in denying her motions for directed verdict and judgment notwithstanding the verdict as to liability and as to punitive damages.

I.

Nabors maintains that the sold basis on which Copeland sought recovery was the doctrine of last clear chance and that the record contains no evidence to support the inference that she had a last clear chance to avoid the collision with Copeland. Her argument lacks merit.

We do not read Copeland's complaint as alleging the doctrine of last clear chance to be the only basis on which recovery is sought. As he is permitted to do [65A C. J. S. *Negligence* Section 191 at 385 (1966) ], Copeland alternatively pleaded an action based on Nabor's allegedly wrongful conduct in the first instance and an action based on last clear chance in the second; and, as we read the trial court's charge, the case was submitted to the jury on both theories. The jury returned a general verdict.

When we view the evidence, in the light most favorable to Copeland, as we must [*Skipper v. Hartley*, 242 S. C. 221, 130 S. E. (2d) 486, 13 A.L.R. 426 (1963); *Mylin v. Allen-White Pontiac, Inc.*, 281 S. C. 174, 314 S. E. (2d) 354 (Ct. App. 1984)], it clearly supports the inference that Nabor's wrongful conduct in the first instance caused the collision in this case; therefore, under the two-issue rule we need not determine whether the evidence supports the inference that Nabors had a last clear chance to avoid the collision. *See Anderson v. West*, 270 S. C. 184, 241 S. E. (2d) 551 (1978); *Gasque v. Heublein, Inc.*, 281 S. C. 278, 315 S. E. (2d) 556 (Ct. App. 1984).

We note that the evidence indicates Copeland was pedaling his bicycle in a southerly direction near the right hand side of Highway 72 in Greenwood County at approximately 4:20 a.m. when Copeland heard the approach of Nabors's automobile and saw the gleam of her car's headlights. He immediately stopped pedaling and coasted. Copeland estimated Nabors's speed to be in excess of the 35 m.p.h. speed limit. Nabors testified she saw Copeland prior to the collision and attempted "to keep from hitting him" by passing Copeland on his left. Nonetheless, the front of Nabors's car struck Copeland on his left side throwing him into her windshield. Copeland testified he never looked back and did not veer into Nabors's path.

At the site of the collision, Highway 72 is a well-lit, two-lane road.

The trial court, therefore, properly denied Nabors's motions for directed verdict and judgment notwithstanding the verdict as to liability.

## II.

Nabors next maintains that the record contains no evidence supporting the award of punitive damages. We disagree.

Our Supreme Court has held that a violation of a statute is sufficient to carry the issue of punitive damages to the jury and that a violation of a statute may warrant the inference of reckless, wilful, and wanton conduct. *Fisher v. J. H. Sheridan Co., Inc.*, 182 S. C. 316, 189 S. E. 356 (1936).

In this instance, the record contains evidence from which the jury could have inferred that Nabors violated either or both of the statutes relating to maximum speed limits [*see* S. C. Code of Laws Section 56-5-1520(a) (1976) ][1] and to overtaking and passing vehicles proceeding in the same direction [*see id.* Section 56-5-1840(1) ][2] and that Nabors thereby engaged in conduct warranting an award of punitive damages. *Cf. Field v. Gregory*, 230 S. C. 39, 94 S. E. (2d) 15 (1956) (trial court held justified in submitting issue of punitive damages to the jury where evidence revealed defendant violated three statutes regulating traffic).

For the foregoing reasons, the judgment below is

Affirmed.

---

[1] Section 56-5-1520(a) provides:

No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

[2] Section 56-5-1840(1) provides:

The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle. . . .