## 0774

Gentreal S. BETHEA, Respondent v. PEDRO LAND, INC.
and John Charles Brown, Appellants.

(350 S. E. (2d) 392)

Court of Appeals

*John C. Lindsay*, Bennettsville, and *Henry Hammer*, Columbia, *for appellants*.

*E. N. Zeigler*, Florence, *for respondent*.

Heard May 29, 1986.

Decided Aug. 18, 1986.

CURETON, Judge:

Respondent Gentreal S. Bethea suffered a neck injury when his vehicle was struck from the rear by Appellant Pedro Land's vehicle. Pedro conceded negligence and the case was tried only on the issue of damages. Pedro appeals a jury award of $3,000 actual damages and $27,000 punitive damages. We affirm.

The questions raised on appeal are: (1) whether the trial judge abused his discretion in receiving evidence of Bethea's physical condition subsequent to Bethea having become involved in a later accident; (2) whether there is evidence to support the jury's verdict for punitive damages; and (3) whether the amount of punitive damages is excessive and if so, whether the excessiveness was caused by the admission of incompetent evidence and improper jury instructions given by the trial judge.

The accident in this lawsuit occurred in June 1982 on U. S. Highway 301 in Dillon County as Pedro's vehicle followed Bethea's automobile. The best version of the accident comes from a third party Mr. Hunt who was proceeding in the opposite direction and witnessed the accident. The road was straight, but wet from a rain and had a posted speed limit of 55 MPH. Hunt testified that when he first observed Pedro's vehicle it was some 200 to 300 yards behind Bethea's vehicle. When Bethea reached an intersection on the highway, he signaled to make a left turn, but after observing Hunt's oncoming vehicle, stopped before making the turn. Hunt

stated that in his opinion, Pedro was traveling "50 [MPH] or more, it could have been going faster or slower." Pedro's driver applied brakes, skidded 144 feet then slammed into the rear of Bethea's vehicle causing extensive damages, then careened off Bethea's vehicle and hit another automobile in a private driveway.

Bethea was treated for injuries sustained in the accident and released by his doctor in October 1982. He claims to have suffered "light pain that [he] lived with" after being released by his doctor. Thereafter, he was involved in another rear-end collision in November 1982 which caused injuries to the same area of his neck that was hurt in June. After being treated for injuries suffered in the November accident, Bethea settled that case for $2,500 then brought suit on the June accident.

Bethea's contention is that injuries received in the June accident resulted in a weakened cervical area and a chronic neck sprain which were aggravated by the November accident. On the other hand, Pedro contends Bethea had completely recovered from injuries sustained from the June accident at the time of the November accident. Thus, it argues any injuries, pain and suffering experienced by Bethea after the November accident was attributable solely to the November accident.

At trial, Pedro presented no evidence. Bethea's medical evidence showed that Bethea suffered chronic cervical sprain caused by the first accident and that the second accident simply aggravated this condition. A 1984 medical evaluation of Bethea revealed he was experiencing a 10% permanent disability to his entire body; however, the doctor was unable to say what portion of the disability was attributable solely to the June accident. A medical expert testified that the cervical problem was an ongoing one. At the close of the case, Pedro moved to strike all evidence regarding the November accident because it was speculative and irrelevant. This objection to the evidence also formed the basis for Pedro's motion for a new trial. The trial court refused the motions.

Pedro argues first that the trial judge should have excluded evidence of Bethea's physical condition and medical treatment received after the November 1982 accident be-

cause this condition was partly caused by the same accident, and because Bethea was unable to correlate his physical condition in the June and November accidents. We find no error in the admission of the evidence.

The admission and rejection of evidence is largely within the sound discretion of the trial judge, and the exercise of his discretion in either admitting or rejecting evidence will not be reviewed by this court absent a clear showing that the trial judge abused his discretion amounting to a legal error to the prejudice of appellant's rights. *Merrill v. Barton*, 250 S. C. 193, 156 S. E. (2d) 862 (1967); *Welch v. Whitaker*, 282 S. C. 251, 317 S. E. (2d) 758 (Ct. App. 1984). Relevancy of evidence means the logical relation between the proposed evidence and a fact to be established. *Winburn v. Minnesota Mutual Life Insurance Co.*, 261 S. C. 568, 201 S. E. (2d) 372 (1973).

In *Martin v. Mobley*, 253 S. C. 103, 169 S. E. (2d) 278 (1969), the Supreme Court quoted with approval 25A C.J.S. *Damages* Section 146 (1980) and applied the following rule:

> In personal injury actions, great latitude is allowed in the introduction of evidence to aid in determining the extent of the damages; and as a broad general rule any evidence which tends to establish the nature, character, and extent of injuries which are the natural and proximate consequences of defendant's acts is admissible in such actions, if otherwise competent.

It is axiomatic that Bethea may recover from Pedro for only those injuries proximately caused by the June 1982 accident. However, evidence of Bethea's condition after the November accident has a logical relation to the unchallenged testimony of Bethea's medical experts that the June accident left his cervical area in a weakened condition and highly susceptible to reinjury and aggravation. The extent to which Bethea's physical condition persisting after the November accident was proximately caused by the June accident was clearly a question for the jury. *Clark v. Ross*, 284 S. C. 543, 328 S. E. (2d) 91 (Ct. App. 1985) (Ordinarily, the question of proximate cause is one of fact for the jury and trial judge's sole function regarding the issue is to inquire whether particular conclusions are the

only reasonable inferences that can be drawn from the evidence.)

We next address Pedro's claim that the evidence does ■ not support the jury's verdict for punitive damages.

Our review of the record finds evidence from which the jury could draw inferences of gross negligence and recklessness on the part of Pedro. There is also evidence from which the jury could draw the inference that Pedro's agent: (1) did not have its vehicle under proper control at the time of the accident; (2) was driving too fast for the wet condition of the highway; and (3) was following Bethea's vehicle too closely.

Without objection, the trial judge charged the jury that violation of a speeding statute or any statute is negligence *per se*.[1] In the recent case of *Copeland v. Nabors*, 285 S. C. 340, 329 S. E. (2d) 457 (Ct. App. 1985), this court citing *Fisher v. J. H. Sheridan Co.*, 182 S. C. 316, 189 S. E. 356 (1937) held that evidence of violation of a statute is sufficient to carry the issue of punitive damages to the jury and that violation of a statute may warrant the inference of reckless, wilful, and wanton conduct.

We now reach Pedro's final exception that the trial judge committed prejudicial error in refusing its motion for a new trial based on the premise that the jury verdict for punitive damages was so shockingly excessive as to indicate caprice, passion and prejudice. Pedro asserts that this prejudice resulted from the trial judge permitting the jury to consider the injuries suffered in the second accident and erroneously instructing the jury concerning concurring negligence which had the effect of confusing and misleading the jury. It also argues that because there was no evidence of recklessness or wilfulness, punitive damages were awarded by the jury only because "the trial judge instructed the jury, in substance, that it may consider that the negligence and recklessness of

---

[1] The trial judge charged Section 56-5-1520(a) which reads: No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

the defendants in the collision from which the action arose concurred with that of the third party in the operation of the vehicle in the second collision as a proximate cause of the injuries and damages sustained by [Bethea] in the second collison." We disagree.

In reviewing a trial court's denial of a motion for a new trial, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party. *Skipper v. Hartley*, 242 S. C. 221, 130 S. E. (2d) 486 (1963). Having already held that there was evidence from which the jury could infer recklessness and wilfulness, we next consider whether the charge was misleading. Pedro complains of the following portion of the jury charge:

> In determining the question of proximate cause, Mr. Foreman, you must distinguish an intervening cause and a concurring cause. An intervening cause succeeds or follows that, which for convenience, is called the primary cause, though, as we have seen, it is only the remote cause; but a concurring cause operates contemporaneously to produce the injury so that it would not have happened in the absence of either. If by the exercise of reasonable foresight and diligence a concurring cause should have been foreseen, liability for it attaches; but the mere fact that one of several concurring causes may not have been reasonably anticipated is not enough to shield from liability him who sets into motion the other, for it is well settled that the negligence complained of need not be the sole cause of an injury, it is enough to show that it is a proximate concurring cause, that is, one that was so efficient in causation that but for it the injury would not have occurred. In other words, the law recognizes that there may be several proximate causes in the interim, and anyone who is guilty of an act which contributes as a proximate cause and without which the injury complained of would not have occurred is responsible under the doctrine of proximate cause.

Pedro concedes that the objectionable instruction was not erroneous as a matter of law. Indeed, the instruction mirrors almost verbatim language from the case

of *Horne v. Atlantic Coast Line Railroad Co.*, 177 S. C. 461, 181 S. E. 642, 646 (1935). Instead, Pedro argues that the instruction was inapplicable to the facts of this case. A jury charge is proper if it is confined to the issues made by the pleadings and supported by the evidence. *Mail Mart, Inc. v. Action Marketing Consultants, Inc.*, 281 S. C. 167, 314 S. E. (2d) 351 (Ct. App. 1984).

We hold that the issues of concurrent and intervening causes were raised by the evidence. Specifically, Pedro contended that Bethea's injuries and disability resulted solely from the intervening negligence of a third party in the second accident, while Bethea contended that Pedro's negligence concurred in and was a proximate cause of his injuries and disability persisting after the November accident. Clearly, there was medical evidence that the June accident caused a chronic condition of the cervical area to exist which made reinjury almost certain from trauma of the kind caused by the November accident. It therefore became a jury question whether the June accident was a concurring proximate cause of the injuries and disability, or whether the November accident was the sole proximate intervening cause of the injuries and disability. *See, Kennedy v. Custom Ice Equipment Co., Inc.*, 271 S. C. 171, 246 S. E. (2d) 176 (1978) (If there is a fair difference of opinion as to whose act produced or contributed to injury complained of as direct and proximate cause, question of proximate cause should be submitted to the jury); *Cope v. Eckert*, 284 S. C. 516, 327 S. E. (2d) 367 (Ct. App. 1985) (Generally it is for a jury to say whether a party's negligence was a concurring, proximate cause of an injury).

Finally, we refuse to hold as a matter of law that the punitive damages award was excessive. Our appellate courts have recognized that the primary factors that must be considered in assessing punitive damages are the character of the tort committed, the punishment which should be meted out and the ability of the wrongdoer to pay damages. *Hicks v. Herring*, 246 S. C. 429, 144 S. E. (2d) 151 (1965); *Mylin v. Allen-White Pontiac, Inc.*, 281 S. C. 174, 314 S. E. (2d) 354 (Ct. App. 1984). It is well settled that this court has little to do with the amount of verdicts and the granting of a new trial on the basis of excessiveness is in the discre-

tion of the trial judge whose decision will not be disturbed unless abuse of discretion is shown. *Fennell v. Littlejohn*, 240 S. C. 189, 125 S. E. (2d) 408 (1962). We have thoroughly reviewed the entire record and although the amount of punitive damages is perhaps more than we would have awarded, we are convinced that the award was not actuated by prejudice, caprice or passion resulting from the jury's consideration of evidence of the November accident or the instructions given it by the trial judge. *See, Tant v. Dan River, Inc.*, 289 S. C. 325, 345 S. E. (2d) 495 (1986) (where Supreme Court affirmed several jury verdicts for punitive damages that exceeded by more than ten times the verdicts for actual damages).

Accordingly the order of the trial judge is affirmed.

SHAW and GOOLSBY, JJ., concur.