### 1323

Debra UMHOEFER, Appellant v. Mark W. BOLLINGER, Ralph Trowbridge and Leonard G. Umhoefer, Jr., Respondents.

Leonard G. UMHOEFER, Jr., Appellant v. Mark W. BOLLINGER, Respondent.

(379 S. E. (2d) 296)

Court of Appeals

*Howell V. Bellamy, Jr.,* and *Preston B. Haines, III,* both of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* and *John L. Sweeny,* of *Hudson & Sweeny,* Myrtle Beach, *for appellants.*

*D. W. Green, Jr.,* of *Green & Sasser,* Conway, *for respondents.*

Heard March 20, 1989.

Decided April 10, 1989.

CURETON, Judge:

This appeal involves two automobile accident cases which were consolidated for trial. Appellants, Debra Umhoefer

and Leonard G. Umhoefer, Jr., appeal the denial of their motions for directed verdict and new trial following a jury verdict which found Leonard liable for the accident. We affirm.

Debra Umhoefer and Leonard Umhoefer are brother and sister. At the time of the accident, Leonard was driving his vehicle in a northerly direction on U.S. Highway 17 in Myrtle Beach, South Carolina, near its intersection with 38th Avenue North. Debra was a passenger in the vehicle. Respondent Bollinger was driving a van in a southerly direction on the same highway. The accident occurred as Bollinger was turning left into 38th Avenue North and Leonard was proceeding straight ahead.

At trial the Umhoefers contended Bollinger "darted out" in front of their vehicle causing the accident. Conversely, Bollinger claimed he was properly in the intersection and Leonard ran a red light and hit him. The Umhoefers moved for directed verdicts of liability against Bollinger. The trial court denied the motions. The jury found Bollinger not liable to the Umhoefers. The Umhoefers each moved for a new trial on the same grounds as the directed verdict motions. Those motions were also denied.

On appeal the Umhoefers argue the trial judge should have granted their motions for directed verdict and new trial. They argue Bollinger was negligent, as a matter of law, in that he violated several provisions of the South Carolina Code and because all the evidence shows he was negligent. We disagree.

The dispositive issue in this appeal is whether there is any evidence from which the jury could have found that Bollinger was not negligent, or if negligent, his negligence was not the proximate cause of the accident.

In his answer, Bollinger charges Leonard with committing several acts of negligence and recklessness including speeding, running a red light, and failing to keep his vehicle under proper control. If the jury found these charges to be true it may have concluded Leonard's negligence, not Bollinger's negligence, was the proximate cause of the accident. We find there was some evidence from which

the jury could have found Leonard's negligence was the proximate cause of the accident.

The Umhoefers concede there is "some evidence of excessive speed" on the part of Leonard. They, however, rely on the case of *Horton v. Greyhound Corp.*, 241 S. C. 430, 128 S. E. (2d) 776 (1962), for the proposition that mere evidence of excessive speed does not present a jury question as to Leonard's negligence where the evidence shows Bollinger turned in front of their vehicle. They argue the only inference to be drawn from the evidence is that Bollinger was negligent and his negligence was the proximate cause of the accident. Thus, it was the duty of the trial court to resolve the issue by directing a verdict in their favor.

The facts and inferences to be drawn from the facts in this case are readily distinguishable from those in *Horton*. The record contains testimony that just prior to the accident Leonard was weaving in and out traffic and was speeding. Additionally, an eyewitness testified Leonard entered the intersection on a red light. Ordinarily, questions of negligence and proximate cause are issues for the jury. If more than one reasonable inference can be drawn from the evidence on an issue the trial judge is required to submit the issue to the jury. *Graham v. Whitaker*, 282 S. C. 393, 321 S. E. (2d) 40 (1984). We find no error in the trial court permitting the jury to decide these issues.

We also find no fault in the trial court's denial of the Umhoefers' motions for new trial. In deciding whether to assess error to a court's denial of a motion for a new trial, we must consider the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Bethea v. Pedro Land, Inc.*, 290 S. C. 341, 350 S. E. (2d) 392 (Ct. App. 1986), *cert. dismissed*, 291 S. C. 359, 353 S. E. (2d) 456 (1987). The grant or denial of new trial motions rests within the discretion of the trial judge and his decision will not be disturbed on appeal unless his findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law. *S. C. State Highway Dept. v. Clarkson*, 267 S. C. 121, 226 S. E. (2d) 696 (1976).

Considering the evidence and the reasonable inferences in the light most favorable to Bollinger, a jury question exists whether his negligence, if any, was the proximate cause of the accident. We find no abuse of discretion.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.