THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
James Lindsey,       
Respondent,
 
 
 

v.

 
 
 
Spartan Roofing Company, Inc.,       
Appellant.
 
 
 

Appeal From Spartanburg County
John W. Kittredge, Circuit Court Judge

Unpublished Opinion No. 2004-UP-050
Submitted October 15, 2003 – Filed January 
 22, 2004

AFFIRMED

 
 
 
Kirby D. Shealy III, of Columbia, for Appellant.
Norman Douglas Brannon, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:   The Lindseys sued Spartan Roofing, alleging breach of contract. 
 The jury found for the Lindseys; Spartan Roofing appeals. We affirm. 
FACTS
Homeowners James and Polly Lindsey sued Spartan 
 Roofing for negligence and breach of contract after Spartan failed to repair 
 the Lindseys’ home to the Lindseys’ satisfaction. The Lindseys alleged that 
 the roof of their home was still leaking, even after Polly Lindsey pointed out 
 the problem to Spartan. The Lindseys then consulted Mr. Burgess of Cannon Roofing. 
 Mr. Burgess determined that the roof was leaking in two places. Polly Lindsey 
 asked Mr. Burgess if he "could repair the leaks and provide a warranty” on it. 
 Mr. Burgess replied that he could warrant only a whole new roof, not one he 
 repaired in part. However, when asked whether the whole roof had to be replaced 
 because of the two leaks, Mr. Burgess  declined to offer an opinion. At trial, 
 the Lindseys attempted to introduce into evidence Mr. Burgess’s estimate to 
 replace the whole roof and to warrant it for two years. Spartan objected. 
Spartan argued that the Lindseys were attempting 
 to arrive at a better position than where they were before; that the Lindseys 
 would in essence have a brand new roof with a two-year warranty, not just a 
 repaired roof. Spartan insisted that the measure of damages was the cost of 
 fixing the two leaks, not of replacing the whole roof. The Lindseys countered 
 that they had "contracted to replace the entire roof” originally with Spartan, 
 and were therefore entitled to the replacement and the warranty. 
The trial judge first indicated that he might sustain 
 the objection. However, Mr. Albert, the owner of Spartan, subsequently testified 
 that the Lindseys had indeed contracted with Spartan to "install a new roofing 
 system.” Mr. Albert also testified that that work carried a two-year workmanship 
 warranty. The trial judge then allowed into evidence Mr. Burgess’s estimate 
 for the replacement and warranty of the whole roof. The jury found for the Lindseys 
 and awarded them $11,393 in "actual damages.” 
 ISSUES  

(1) Did the trial court err in allowing Mr. Burgess’s 
 estimate since there was no testimony that the whole roof needed to be replaced?  
 
(2) Did the trial court err in denying Spartan’s 
 motion for a new trial since there was no evidence to substantiate the jury’s 
 award of damages?

ANALYSIS
"The admission or exclusion of evidence 
 at trial is addressed to the sound discretion of the trial judge, whose discretion 
 will not be disturbed on appeal in the absence of an abuse of such discretion 
 amounting to a manifest error of law.” Cooks v. S.C Dept. of Hwys. and Pub. 
 Transp., 309 S.C. 179, 184, 420 S.E.2d 847, 849 (1992) (citing Grand 
 Strand Constr. Co. v. Graves, 269 S.C. 594, 595, 239 S.E.2d 81, 81 (1977)). 
 "The grant or denial of new trial motions rests within the discretion of the 
 trial judge and his decision will not be disturbed on appeal unless his findings 
 are wholly unsupported by the evidence or the conclusions reached are controlled 
 by error of law.” Vinson v. Harley, 324 S.C. 389, 405, 477 S.E.2d 715, 
 723 (Ct. App. 1996) (citing Umhoefer v. Bollinger, 298 S.C. 221, 224, 
 379 S.E.2d 296, 297 (Ct. App. 1989)). "In deciding whether to assess error to 
 a court's denial of a motion for a new trial, [appellate courts] consider the 
 testimony and reasonable inferences to be drawn therefrom in the light most 
 favorable to the nonmoving party.” Id. 
Spartan Roofing argues that the trial judge erred 
 when he allowed Mr. Burgess to introduce into evidence the estimate to replace 
 the whole roof. We disagree. At trial, Mr. Albert himself admitted that Spartan 
 had been hired to "install a new roofing system” and that Spartan "was paid 
 $14,218 for a new roof.” Mr. Albert also testified that a new roof carried a 
 two-year warranty. That testimony is bolstered by the Lindseys’ contention that 
 they contracted with Spartan to replace the roof completely. (R.179). There 
 is ample evidence to suggest that the Lindseys contracted for a new, warranted 
 roof with Spartan, and therefore were entitled to obtain the same. See 
 Minter v. GOCT, Inc., 322 S.C. 525, 528, 473 S.E.2d 67, 70 (Ct. App. 
 1996) ("The purpose of an award of damages for breach of contract is to put 
 the plaintiff in as good a position as he would have been in if the contract 
 had been performed.”).   
Since the evidence supports the jury’s award, we 
 need not address Spartan’s other issues.
AFFIRMED.
HUFF, STILWELL and BEATTY, JJ., concur.