**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Roger D. Herrington, II, Respondent,

v.

Roger Dale Herrington and Eunice M. Herrington,
Appellants.

Appellate Case No. 2020-000267

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2022-UP-282
Submitted June 1, 2022 – Filed July 6, 2022
Withdrawn, Substituted and Refiled October 5, 2022

**AFFIRMED**

Hugh L. Willcox, Jr. and Walker H. Willcox, both of
Willcox Buyck & Williams, PA, of Florence, for
Appellants.

George E. Graham, of McIver & Graham, PA, of
Conway, for Respondent.

**PER CURIAM:**  Roger Dale Herrington (Dale) and Eunice Herrington
(collectively, the Herringtons), appeal the trial court's order denying their motion

for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial absolute or *nisi remittitur*, after a jury found in favor of Roger Herrington, II (Roger) and awarded him $170,000 on his claims for unjust enrichment and *quantum meruit*. On appeal, the Herringtons argue the trial court erred in denying their motion because (1) the trial court should not have submitted these claims to the jury because they were equitable causes of action; (2) the doctrine of laches barred the claims; (3) the evidence did not support the jury's findings; and (4) the trial court allowed improper lay witness testimony. We affirm.

1. We hold the Herringtons' argument that the trial court erred in submitting the claims to the jury is not preserved for appellate review because the Herringtons raised it for the first time in their post-trial motion for JNOV or for a new trial. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("It is well settled that an issue may not be raised for the first time in a post-trial motion.").

2. We hold the trial court did not err in rejecting the Herringtons' argument that the claims were barred by the doctrine of laches because the evidence, when viewed in the light most favorable to Roger, showed the Herringtons failed to demonstrate laches barred Roger's claims. *See Burns v. Universal Health Servs., Inc.,* 361 S.C. 221, 232, 603 S.E.2d 605, 611 (Ct. App. 2004) ("The appellate court will reverse the trial court's ruling on a JNOV motion only when there is no evidence to support the ruling or where the ruling is controlled by an error of law."); *Norton v. Norfolk S. Ry. Co.*, 350 S.C. 473, 478, 567 S.E.2d 851, 854 (2002) ("Upon review, a trial [court's] order granting or denying a new trial will be upheld unless the order is 'wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law.'" (quoting *Folkens v. Hunt*, 300 S.C. 251, 255, 387 S.E.2d 265, 267 (1990))); *Umhoefer v. Bollinger*, 298 S.C. 221, 224, 379 S.E.2d 296, 297 (Ct. App. 1989) (directing that in reviewing the trial court's denial of a new trial motion, an appellate court "must consider the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party"); *Hallums v. Hallums*, 296 S.C. 195, 199, 371 S.E.2d 525, 528 (1988) (explaining the elements of laches are "(1) delay, (2) unreasonable delay, [and] (3) prejudice"); *Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 297, 519 S.E.2d 583, 599 (Ct. App. 1999) ("The party asserting laches must satisfactorily show negligence, the opportunity to have acted sooner, and material prejudice."). Specifically, Roger testified that although he and the Herringtons agreed the Herringtons would turn the family business over to him

after he worked for the business for a ten-year period, at the end of this period, he agreed to allow Eunice—his mother—to keep the business in her name. Thereafter, he worked for the business for another six years under the assumption he was the owner. Roger stated Dale—Roger's father—fired him in 2013, and Dale sold the business to Roger's brother in 2015. Although the Herringtons point to the death of a "key witness" as evidence they were prejudiced by Roger's delay in filing the suit, this witness was present at the scene of an assault that Dale acknowledged occurred in 2014—after Roger left the business—and several other individuals testified they saw either the assault or its aftermath. Therefore, we hold the Herringtons failed to show unreasonable delay in filing suit or material prejudice.[1]

3. We hold the trial court did not err in denying the Herringtons' motion for JNOV or for a new trial absolute or *nisi remittitur* because there was evidence that Roger conferred a benefit upon the Herringtons, the Herringtons realized the benefit, and retaining the benefit without compensating Roger would have been unjust. *See Columbia Wholesale Co. v. Scudder May N.V.*, 312 S.C. 259, 261, 440 S.E.2d 129, 130 (1994) (explaining South Carolina law "has recognized quantum meruit as an equitable doctrine to allow recovery for unjust enrichment" and identifying the elements of *quantum meruit* as "(1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without paying its value"). Roger testified he merged his existing business with Dale's business in 1995 and thereafter worked for $500—and later, $800—a week for approximately sixteen years. During this time, he testified, he worked six or seven days per week for at least ten hours per day. Further, Roger testified he was paid only $9,600 in 2012—$31,000 less than he was owed pursuant to the alleged agreement, and he stated the Herringtons collected all of the profits from the business. We find these facts supported the trial court's denial of the Herringtons' motion for JNOV or for a new trial absolute or *nisi remittitur*.

4. We hold the Herringtons' argument that the trial court allowed improper lay witness testimony is not preserved for appellate review. At trial, the Herringtons objected to this testimony on hearsay grounds; however, on appeal, they posited this issue as improper lay witness testimony. *See Wilder Corp.*, 330 S.C. at 76,

---

[1] Although the Herringtons also argued they were prejudiced because they sold the business in reliance on Roger not bringing suit and because the delay led the jury to award damages based upon a speculative amount, we find these arguments are without merit.

497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *McKissick v. J.F. Cleckley & Co.*, 325 S.C. 327, 344, 479 S.E.2d 67, 75 (Ct. App. 1996) ("The same ground argued on appeal must have been argued to the trial [court].").

**AFFIRMED.**[2]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.