**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Elisa Montgomery Edwards and Emily Cecile Edwards,
Respondents,

v.

David C. Bryan, III, Appellant.

Appellate Case No. 2020-001673

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

Unpublished Opinion No. 2023-UP-329
Submitted September 1, 2023 – Filed October 11, 2023

**AFFIRMED**

Andrew Sims Radeker, of Harrison, Radeker & Smith, P.A., of Columbia, for Appellant.

David Edward Belding, of Law Office of David E. Belding, of Columbia, for Respondents.

**PER CURIAM:** David C. Bryan, III, appeals the trial court's order denying his motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial absolute or *nisi remittitur*, after a jury found in favor of Elisa Montgomery Edwards and Emily Cecile Edwards (collectively, Respondents) and

awarded them $500,000 in actual damages and $100,000 in punitive damages on their claim for fraud.  On appeal, Bryan argues the trial court erred in denying (1) his motion for judgment notwithstanding the verdict and (2) his motion for a new trial absolute or *nisi remittitur* because Respondents failed to provide evidence of damages proximately caused by fraudulent conduct.  We affirm pursuant to Rule 220(b), SCACR.[1]

We hold the trial court did not err in denying Bryan's motion for JNOV or, in the alternative, a new trial absolute or *nisi remittitur* because Respondents presented evidence of every element of fraud, including that damages were caused by Bryan's false representations.  *See Burns v. Universal Health Servs., Inc.*, 361 S.C. 221, 232, 603 S.E.2d 605, 611 (Ct. App. 2004) ("The appellate court will reverse the trial court's ruling on a JNOV motion only when there is no evidence to support the ruling or where the ruling is controlled by an error of law."); *Norton v. Norfolk S. Ry. Co.*, 350 S.C. 473, 478, 567 S.E.2d 851, 854 (2002) ("Upon review, a trial [court]'s order granting or denying a new trial will be upheld unless the order is 'wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law.'" (quoting *Folkens v. Hunt*, 300 S.C. 251, 255, 387 S.E.2d 265, 267 (1990))); *Umhoefer v. Bollinger*, 298 S.C. 221, 224, 379 S.E.2d 296, 297 (Ct. App. 1989) (directing that in reviewing the trial court's denial of a new trial motion, an appellate court "must consider the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party"); *Ardis v. Cox*, 314 S.C. 512, 515, 431 S.E.2d 267, 269 (Ct. App. 1993) ("In order to prove fraud, the following elements must be shown: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.").  Respondents presented evidence Bryan made false representations when he stated the trust funds were accumulating in an account, which he later admitted was not true.  The representations were material because Respondents believed Bryan and planned to

---

[1] Respondents filed an initial brief, but did not file a final version.  Although this court may take any action it deems proper, including reversal, when a respondent fails to timely file a brief, we believe the record on appeal contains sufficient grounds for this court to affirm.  *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

use the funds in the future.  Respondents testified they relied on Bryan's representations to the extent that they planned to use the trust funds for Emily's education, and her college plans were affected when Respondents discovered the money did not exist.  Bryan knew the representations were false because he later admitted there was no money in a trust.  Respondents testified they relied on the representations because Bryan was a family member, and they believed he had a duty to not misrepresent his management of the trust funds.  Respondents were damaged because they did not receive the trust funds they planned to use for investments and to pay for Emily's future education due to Bryan's false representations.  Respondents testified their portions of the trust would now be worth approximately $600,000 if Bryan had invested the funds as he falsely represented he had.  *See Gilbert v. Mid-S. Mach. Co.*, 267 S.C. 211, 223, 227 S.E.2d 189, 194 (1976) ("Generally, the injured party in a fraud and deceit action is entitled to recover such damages as will compensate him for his pecuniary loss and place him in the same position he occupied before being defrauded."); *id.* ("However, only damages which are the natural and proximate consequence of the fraudulent misrepresentations of the defendant and can be clearly defined and ascertained are recoverable.").  We find these facts supported the trial court's denial of Bryan's motion for JNOV or, in the alternative, for a new trial absolute or *nisi remittitur*.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.