**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brandi Clarkson, Appellant,

v.

J. King Real Estate, LLC and Jason Ernest King, Respondents.

Appellate Case No. 2023-001661

———————

Appeal From Lexington County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-203
Heard May 13, 2025 – Filed June 25, 2025

———————

**AFFIRMED**

———————

Joseph Gregory Studemeyer and Ryan Gregory Studemeyer, both of Studemeyer Law Firm, of Irmo, for Appellant.

Shaun C. Blake, of Mann Blake & Jackson, of Columbia, for Respondents.

———————

**PER CURIAM:** Brandi Clarkson appeals the circuit court's denial of her motion for a new trial and its grant of J. King Real Estate, LLC and Jason Ernest King's (collectively, Respondents') motion for directed verdict on her South Carolina

Unfair Trade Practices Act (SCUTPA)[1] and intentional interference with prospective contractual relations causes of action. She argues the circuit court (1) relied on an error of law in denying the motion for a new trial, (2) erred in granting the directed verdict for the SCUTPA violation, and (3) erred in granting the directed verdict for the intentional interference with prospective contractual relations. We affirm.

1. The circuit court did not err by denying the motion for a new trial. The order denying the motion demonstrates the circuit court based its denial on Clarkson's failure to present evidence to support the unfair or deceptive act element of a SCUTPA claim, not the public interest element. *See Brinkley v. S.C. Dep't of Corr.*, 386 S.C. 182, 185, 687 S.E.2d 54, 56 (Ct. App. 2009) ("The grant or denial of new trial motions rests within the discretion of the circuit court, and its decision will not be disturbed on appeal unless its findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law."); *Umhoefer v. Bollinger*, 298 S.C. 221, 224, 379 S.E.2d 296, 297 (Ct. App. 1989) ("In deciding whether to assess error to a court's denial of a motion for a new trial, we must consider the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party."); *Est. of Carr ex rel. Bolton v. Circle S Enters., Inc.*, 379 S.C. 31, 43, 664 S.E.2d 83, 89 (Ct. App. 2008) ("To recover in an action under the SCUTPA, the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected the public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)."); *id.* at 43-44, 664 S.E.2d at 89 ("The second element may be satisfied by proof of 'facts demonstrating the potential for repetition of the defendant's actions.'" (quoting *Daisy Outdoor Advert. Co. v. Abbott*, 322 S.C. 489, 493, 473 S.E.2d 47, 49 (1996))); *Daisy Outdoor Advert. Co.*, 322 S.C. at 496, 473 S.E.2d at 51 ("Sometimes, the potential for repetition or other adverse impact on the public interest will be apparent. Conversely, it will sometimes be apparent that an action has no real potential for repetition.").

2. The circuit court did not err in granting the motion for directed verdict on the SCUTPA cause of action. Clarkson failed to present evidence that would make it reasonably possible for the jury to find Respondents acted unfairly or deceptively. *See RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331-32, 732 S.E.2d 166, 171 (2012) ("When reviewing the trial court's ruling on a motion for a directed verdict . . . , this [c]ourt must apply the same standard as the trial court by

---

[1] S.C. Code Ann. §§ 39-5-10 to -890 (2023 & Supp. 2024).

viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *Shenandoah Life Ins. Co. v. Smallwood*, 402 S.C. 29, 35, 737 S.E.2d 857, 860 (Ct. App. 2013) ("[T]he appellate court must determine whether it would have been reasonably possible for the jury to return a verdict for the party opposing the motion."); *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 434-35, 629 S.E.2d 642, 648 (2006) (explaining the appellate court will reverse the trial court's ruling only when no evidence supports the ruling or when an error of law controls the ruling); *Est. of Carr ex rel. Bolton*, 379 S.C. at 43, 664 S.E.2d at 89 ("To recover in an action under the SCUTPA, the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected the public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)."); § 39-5-20(a) (stating "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful"); *deBondt v. Carlton Motorcars, Inc.*, 342 S.C. 254, 269, 536 S.E.2d 399, 407 (Ct. App. 2000) ("An unfair trade practice has been defined as a practice which is offensive to public policy or which is immoral, unethical, or oppressive."); *id.* ("Whether an act or practice is unfair or deceptive within the meaning of the [SC]UTPA depends upon the surrounding facts and the impact of the transaction on the marketplace.").

3. The circuit court did not err by granting the motion for directed verdict on the intentional interference with prospective contractual relations cause of action. Clarkson failed to present any evidence of prospective contracts with which King interfered or with which King interfered for an improper purpose or by an improper method. *See RFT Mgmt. Co.*, 399 S.C. at 331-32, 732 S.E.2d at 171 ("When reviewing the trial court's ruling on a motion for a directed verdict . . . , this [c]ourt must apply the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *Shenandoah Life Ins. Co.*, 402 S.C. at 35, 737 S.E.2d at 860 ("[T]he appellate court must determine whether it would have been reasonably possible for the jury to return a verdict for the party opposing the motion."); *Law*, 368 S.C. at 434-35, 629 S.E.2d at 648 (providing the appellate court will reverse the trial court's ruling only when no evidence supports the ruling or when an error of law controls the ruling); *Eldeco, Inc. v. Charleston Cnty. Sch. Dist.*, 372 S.C. 470, 480, 642 S.E.2d 726, 731 (2007) ("To establish a cause of action for intentional interference with prospective contractual relations, a plaintiff must show: 1) intentional interference with prospective contractual relations; 2) for an improper purpose or by improper methods; and 3) resulting in injury."); *id.* at 482, 642 S.E.2d at 732 ("[A]n essential element to the cause of action for intentional interference with prospective

contractual relations requires that the interference be for an improper purpose or by improper methods."); *United Educ. Distribs., LLC v. Educ. Testing Serv.*, 350 S.C. 7, 14, 564 S.E.2d 324, 328 (Ct. App. 2002) ("Generally, there can be no finding of intentional interference with prospective contractual relations if there is no evidence to suggest any purpose or motive by the defendant other than the proper pursuit of its own contractual rights with a third party.").

**AFFIRMED.**

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**