23129

Karl A. FOLKENS, Robert H. Moore, and Douglas D. Cooke, as Executors of the Estate of M. Murray McLendon, Jr., Appellants v. J. W. HUNT, Jr., J. W. Hunt, R. L. Davis, W. R. Hunt, B. L. Davis, P. R. Johnson, S. V. Smith and Michael S. Strange, individually and d/b/a J. W. Hunt & Co., a South Carolina General Partnership, Respondents.

(387 S. E. (2d) 265)

Supreme Court

*Ronald E. Boston* and *Elbert S. Dorn* of *Turner, Padget, Graham & Laney, P.A.,* Columbia, *R. Wayne Byrd* of *Turner, Padget, Graham & Laney, P.A.,* and *Karl A. Folkens,* Florence, *for appellants.*

*Manton M. Grier, Kirkman Finlay, Jr.,* and *Hamilton Osborne, Jr.,* of *Sinkler & Boyd, P.A.,* Columbia, *for respondents.*

Submitted March 21, 1989.

Decided Jan. 8, 1990.

TOAL, Justice:

The dispositive issue in this case is whether the trial judge abused his discretion by invoking the thirteenth juror doctrine and granting the defendants' motion for a new trial absolute. We conclude that there was no abuse and, therefore, affirm.

## PROCEDURAL BACKGROUND

M. Murray McLendon, Jr. originally brought this action against the partners of J. W. Hunt & Co. (Hunt), an accounting firm, alleging causes of action for accounting malpractice, fraud, intentional infliction of emotional distress and a violation of the S. C. Unfair Trade Practices Act. The circuit court granted summary judgment to Hunt on all causes of action. The Court of Appeals affirmed in part, reversed in part and remanded the case on the cause of action for accounting malpractice. *Folkens v. Hunt,* 290 S. C. 194, 348 S. E. (2d) 839 (Ct. App. 1986).[1]

On remand, the case was tried before a jury. After deliberating for less than one hour, the jury returned a verdict in favor of the plaintiffs in the amount of $400,000 in actual damages and $1,000,000 punitive damages. Hunt moved for a new trial. The trial judge sitting as a thirteenth juror granted Hunt a new trial absolute. In his order, the judge stated that a judge may grant a new trial where he disapproves of the verdict on factual grounds, citing *South Caro-*

---

[1] McLendon died during the pendency of the action before the Court of Appeals. The executors of his estate were substituted as the named appellants in the action.

*lina Highway Dept. v. Townsend,* 265 S. C. 253, 217 S. E. (2d) 778 (1975), and where the verdict is contrary to law and instructions, citing *Southeastern Mobile Homes Inc. v. Walicki,* 282 S. C. 298, 317 S. E. (2d) 773 (Ct. App. 1984).

Folkens brought this appeal challenging the trial court's decision to grant a new trial. Permission was denied by this Court to argue that the thirteenth juror standard should be changed to require a trial court to provide specific findings or reasons when granting a new trial.

Therefore, the sole issue on appeal is whether the trial judge abused his discretion in granting Hunt's motion for a new trial. A brief version of the facts underlying this issue is set forth below. For a detailed discussion of the facts, see *Folkens v. Hunt,* 290 S. C. 194, 348 S. E. (2d) 839 (Ct. App. 1986).

## FACTUAL BACKGROUND

In 1976, M. Murray McLendon, Jr., and John G. Wellman formed a partnership, Shodon Properties, for the purposes of acquiring, farming and marketing real estate. Under the partnership agreement, capital contributions were to be made in equal amounts. Wellman contributed $310,000 in cash and McLendon contributed a tract of land containing approximately 400 acres known as Kelly Farms. These contributions were entered as assets in the general ledger and each capital account was valued at $310,000.

In 1979, J. W. Hunt & Co. was retained to perform accounting services for the partnership. Specifically, the accountants were to prepare tax returns and allocate basis between land and timber for the purpose of calculating capital gains taxes. During his investigation of the partnership's records, Jim Hunt found that while Kelly Farms was listed in the general ledger, it was not listed on the list of partnership properties nor had it been deeded to Shodon Properties. Jim Hunt confronted McLendon and stated that McLendon had failed to make a contribution to the partnership and, therefore, was cheating Wellman and on his taxes.

Thereafter, the Hunt firm contacted Wellman and stated that McLendon had not made a contribution to the partnership because legal title to Kelly Farms was never trans-

ferred. They recommended that Wellman withdraw his
$310,000 contribution plus interest. After McLendon con-
sulted with independent advisers, a letter agreement was
executed by Wellman and McLendon providing for the dis-
tribution of funds to Wellman from the partnership account.
Although the parties continued working together, their rela-
tionship deteriorated and the partnership was eventually
dissolved.

At trial, McLendon claimed that the actions of the Hunt
firm constituted accounting malpractice and that they
caused McLendon to suffer great economic losses and emo-
tional illness. As noted above, the jury returned a verdict in
favor of McLendon and awarded $400,000 compensatory
damages and $1,000,000 in punitive damages. Sitting as a
thirteenth juror, the trial judge granted a new trial
absolute.

## DISCUSSION

Folkens contends that the trial court abused his discretion
by invoking the thirteenth juror doctrine and granting a
new trial. We disagree.

This Court has had an opportunity to reconsider the
thirteenth juror doctrine on several occasions. Each
time we have refused to abolish the doctrine. We have
also refused to require trial judges to explain the reasons for
the ruling. The thirteenth juror doctrine is a vehicle by
which the trial court may grant a new trial absolute when
he finds that the evidence does not justify the verdict. This
ruling has also been termed granting a new trial upon the
facts. *S. C. Highway Dept. v. Townsend,* 265 S. C. 253, 217
S. E. (2d) 778 (1975). The effect is the same as if the jury
failed to reach a verdict. The judge as the thirteenth juror
"hangs" the jury. When a jury fails to reach a verdict, a new
trial is ordered. Neither judge nor the jury is required to
give reasons for this outcome. Similarly, because the result
of the "thirteenth juror" vote by the judge is a new trial
rather than an adjustment to the verdict, no purpose would
be served by requiring the trial judge to make factual
findings.

A trial judge's order granting or denying a new trial
upon the facts will not be disturbed unless his deci-

sion is wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law. *South Carolina State Highway Department v. Clarkson*, 267 S. C. 121, 226 S. E. (2d) 696 (1976). When an order granting a new trial is before this Court, our review is limited to the consideration of whether evidence exists to support the trial court's order. *South Carolina Department of Highways & Public Transportation v. Mooneyham*, 275 S. C. 205, 269 S. E. (2d) 329 (1980). Therefore, upon retrial, this opinion will have no precedential effect upon the underlying issues of liability and damages.

A review of this record reveals that the trial court's ruling is not "wholly unsupported by the evidence" because conflicting evidence was presented on the issues of liability and damages. For example, while McLendon complained about negligent advice rendered by the Hunt firm, evidence was presented that he consulted with independent advisers before making any decisions regarding the distribution of funds to Wellman. This would constitute evidence to support the trial judge's conclusion that McLendon may not have relied upon any erroneous advice from the Hunt firm. If the testimony and evidence are in conflict, this court has consistently held that the trial judge's granting of a new trial upon the facts has support and will not be disturbed. *S. C. Dept. of Highways and Public Transportation v. Mooneyham, supra*, 269 S. E. (2d) at 330. In the instant case, we find that evidence existed to support the judge's ruling granting a new trial upon the facts.

We also find that the conclusion reached was not controlled by an error of law.

Affirmed.

GREGORY, C. J., and CHANDLER and FINNEY, JJ., concur.

HARWELL, J., not participating.