2008

Sandra K. TODD, Respondent v.
OWEN INDUSTRIAL PRODUCTS, INC., Appellant.

(431 S.E. (2d) 596)

Court of Appeals

*Charles E. Carpenter, Jr., George C. Beighley* and *Deborah L. Harrison,* all of *Richardson, Plowden, Grier & Howser,* Columbia, *for appellant.*

*Paul L. Reeves,* of *Lewis & Reeves;* and *F. Patrick Hubbard;* Columbia, *for respondent.*

Heard April 20, 1993.

Decided May 10, 1993.

LITTLEJOHN, Acting Judge:

Sandra K. Todd (Todd) sued Owen Industrial Products, Inc. (Owen) for damages for injuries she received in an automobile

collision with an Owen employee. Owen admitted liability but contested the amount of Todd's damages. The case was tried to a jury, which returned a verdict for Todd for $9,000.00. Todd moved for a new trial *nisi additur* or in the alternative for a new trial absolute. The trial judge denied the new trial *nisi additur* motion but granted Todd a new trial absolute. Owen appeals. We affirm.

We have carefully reviewed Todd's motion and the trial judge's ruling. We interpret his ruling that a new trial absolute be held to be based on "the thirteenth juror doctrine." Traditionally in South Carolina circuit court judges have the authority to grant a new trial upon the judge's finding that justice has not prevailed. The thirteenth juror doctrine is a vehicle by which the trial judge may grant a new trial absolute when he finds the evidence does not justify the verdict. *Folkens v. Hunt*, 300 S.C. 251, 387 S.E. (2d) 265 (1990).

In granting a new trial absolute, the judge used the following language, referring to the jury:

> ... For them to have picked a figure of nine thousand dollars, to me is unrelated to anything in the evidence that you could put your finger on. And for them to ignore the evidence of highly qualified experts indicates to me that they were acting for reasons outside of those which they ought to.

Commenting further, he stated:

> ... They chose to ignore that and came up with some figure, knowing they had to award something by virtue of the stipulation, and chose nine thousand dollars, which I cannot relate to anything in the evidence.

Summarizing, he said:

> For all of the above, and believing sincerely that the verdict is offensive and unconscionable—I wouldn't say it was shocking; but it clearly is unconscionable so as to indicate to the Court that what the verdict expresses is the product of emotional factors and considerations that ought not to have been persuasive or productive of the verdict.

As recently as 1990, the Supreme Court of South Carolina in *Folkens* reaffirmed the authority of the trial judge to grant new trials absolute under circumstances such as exist in this case.

It is argued that the judge used language more consistent with a finding that the jury verdict was against the preponderance of the evidence. Such a motion is directed to the discretion of the trial judge. Even if his ruling be based on this theory, our result would be the same. We find no abuse.

Owen bears the heavy burden of demonstrating to this court that it clearly appeared that the judge's exercise of discretion was controlled by a manifest error of law. *Gray v. Davis*, 247 S.C. 536, 148 S.E. (2d) 682 (1966) (the decision on a new trial motion based upon the amount of the verdict is ordinarily not appealable and will not be reviewed or disturbed unless it clearly appears that the exercise of the trial judge's discretion was controlled by a manifest error of law).

Affirmed.

GARDNER and BELL, JJ., concur.