THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Harry L. Richie,       
Appellant,
 
 
 

v.

 
 
 
James Brian Ingle,       
Respondent.
 
 
 

Appeal From Greenville County
John W. Kittredge, Circuit Court Judge

Unpublished Opinion No. 2004-UP-241
Submitted March 8, 2004  Filed April 
 13, 2004

AFFIRMED

 
 
 
Andrew N. Poliakoff, of Spartanburg; for Appellant.
H. Brent Fortson, of Greenville; for Respondent.
 
 
 

PER CURIAM:  Harry L. Richie brought suit 
 against James Brian Ingle, alleging damages resulting from an automobile collision.  
 During trial, Richie moved for a directed verdict as to liability on the grounds 
 that it was admitted.  After noting Ingle admitted only negligence and asserted 
 the accident was not the proximate cause of Richies injuries, the court denied 
 the motion.  The jury returned a verdict in favor of Ingle.  Richie moved for 
 a judgment notwithstanding the verdict and a new trial absolute.  The trial 
 judge denied these motions.  On appeal, Richie challenges the trial judges 
 failure to grant his directed verdict and new trial motions, as well as his 
 refusal to charge a requested jury instruction.  We affirm.
FACTUAL/PROCEDURAL BACKGROUND
Ingle testified he was involved in an 
 automobile collision with a third party, which resulted in Ingles vehicle spinning 
 around, out of control.  His vehicle then came to rest touching Richies vehicle, 
 which was at a complete stop at the time the cars made contact.  Ingle claimed 
 his car was almost at a dead rest when it bumped [Richies car] at best 
 and the vehicles ended up touching.  He did not recall a second impact, and 
 did not know the cars were even touching until he let out his clutch and his 
 and Richies cars were jarred by this action.  Ingles passenger testified, 
 when they came to a stop after the initial collision, Ingles car was touching 
 the other car, but she did not feel being hit again.  
The repairs to Richies car cost approximately 
 $1,500. [1]   Ingle testified 
 Richie indicated he was okay when he got out of the car following the accident, 
 and that he appeared to be okay.  Ingles passenger confirmed that Richie appeared 
 to be fine after the accident.  
Richie testified, following the accident, 
 he told the third party involved that he had back pain, but because this person 
 had an injured passenger, he told them to go ahead and let the ambulance take 
 her to the hospital.  Richie returned home that night and went straight to bed.  
 Two days later, he attended a previously scheduled appointment with his chiropractor.  
 Richie was subsequently diagnosed as having a herniated disk in the lumbar region 
 of his spine.  Dr. Awe, Richies chiropractor, testified that in his opinion, 
 Richies herniated disk was causally related to the automobile accident.  Dr. 
 Darwin Kellar, the neurosurgeon who performed surgery on Richies herniated 
 disk, testified he had been given the impression the accident was a near head-on 
 collision with a direct blunt impact of a significant nature.  He stated 
 the pain Richie was experiencing could have been from an accident, and was not 
 necessarily caused by degenerative disk disease or degenerative joint disease.  
 Dr. Darwin testified he found there was a causal relationship between the automobile 
 accident and Richies injury.  He admitted, however, that any causal relationship 
 he found was attributed to the history given by Richie.  He further could not 
 say that the accident exacerbated Richies degenerative joint disease.  
At trial, Richie introduced damages totaling 
 $39,402.06.  The suit was originally brought against both drivers involved in 
 the first accident, but Ingle admitted during the trial that he was at fault 
 in the first accident.  Ingles counsel stipulated the third driver had no role 
 in the accident.  With consent from Richies counsel, the other driver was dismissed 
 from the lawsuit.  
As the trial continued, the court and the parties 
 engaged in discussions regarding Ingles negligence and liability.  Richies 
 counsel moved for a directed verdict as to liability, primarily based upon the 
 fact that Ingle stipulated he was responsible for the first accident, and he 
 was thus liable for the impact with Richie.  The court questioned whether Ingle 
 was admitting liability, or only negligence.  After the discussions, the motion 
 was denied.  
During the conference on the jury charge, 
 Richie requested a particular charge regarding preexisting conditions.  The 
 court found the instruction was encompassed by the general charge being given, 
 and declined to give the specific charge.  Following the jury instruction, Richie 
 took exception to the courts failure to give the charge as requested.  
The jury subsequently returned a verdict in favor 
 of the defendant, Ingle.  In his post-trial motions Richie argued he was entitled 
 to judgment notwithstanding the verdict or a new trial under the thirteenth 
 juror doctrine.  The trial judge denied the motions after he noted that, while 
 negligence was admitted, proximate cause and damages were contested, and the 
 degree of impact and alleged resulting damages were hotly disputed.  Although 
 he observed that his view of the evidence as to these contested issues may differ 
 from that of the jury, he still declined to invoke the thirteenth juror doctrine.           

LAW/ANALYSIS
I.       Directed Verdict
Richie contends the trial court erred 
 in failing to grant his motion for a directed verdict as to the liability of 
 Ingle, arguing Ingle accepted liability for the accident and the jury should 
 have been so instructed.  We disagree.
When reviewing the denial of a motion for directed 
 verdict, the appellate court must view the evidence and all reasonable inferences 
 therefrom in the light most favorable to the nonmoving party.  Wintersteen 
 v. Food Lion, Inc., 344 S.C. 32, 35, 542 S.E.2d 728, 729 (2001).  If the 
 evidence as a whole is susceptible of only one reasonable inference, no jury 
 issue is created and a directed verdict motion is properly granted.  Id.  
 However, as long as the evidence is susceptible to more than one reasonable 
 inference, the motion should be denied and the case should be submitted to the 
 jury.  Harvey v. Strickland, 350 S.C. 303, 309, 566 S.E.2d 529, 532 (2002).
Several times during trial, Ingles attorney 
 discussed his clients fault in regard to the accident.  During his opening 
 statement, Ingles attorney stated:  We admit fault in this case.  Thats not 
 why we are here.  He further stated:  [I]ts our fault.  We agree with that. 
 . . . Were just here to really look at this, apply good old-fashioned sense 
 to what is really wrong with Mr. Harry Richie that could have been caused by 
 this kind of impact.  
Later, during examination of Ingle by 
 Richies attorney, Ingles attorney interrupted to admit the third-party was 
 not at all responsible for the damages stating: Were not contending that we 
 were not at fault.  He then stipulated that the third driver was not responsible 
 for the accident between Ingle and Richie.  
The main conversation on the issue came 
 after Richie made a motion for directed verdict as to liability.  The following 
 colloquy took place between Ingles attorney and the court:

Counsel:     And I dont know that - - we admit liability.  
 I think we just need to make a comment to them.  I think they clearly understand 
 that its an admitted case as to the liability on the part of this particular 
 defendant.
Court:         Okay.  I didnt understand that earlier.  Thats 
 - - and I apologize.  That was my fault.  I didnt know you admitted liability.
Counsel:     Okay.
Court:         So Ill just do one option for the Plaintiff 
 and instruct the jury they have to return some reward of money damages for the 
 Plaintiff.
Counsel:     If its related.  I guess they could find for 
 the Defendant.
Court:         Were back where we were.  You say you admit 
 liability.  You admit negligence or you admit liability?  Theres a difference 
 between night and day.
Counsel:     . . . We were negligent.  We deny liability for 
 damages and that kind of thing under the issue of damages in this case.  We 
 admit we were negligent and our party caused the accident.
Court:         You told me just a minute ago that you admitted 
 liability.
Counsel:     I misstated.
Court:         Okay.  You meant to say you admitted negligence?
Counsel:     Yes.
Court:         And liability is in dispute? . . .
Counsel:     Right.
Court:         . . . You dispute proximate cause and damages?
Counsel:     That is correct.

*        *        *

Counsel:     Okay.  Judge, we believe, you know, that we were 
 negligent.  He just does not want to accept full liability for everything, that 
 he was negligent, accepts his part in causing the negligent act and that kind 
 of thing - -
Court:         . . . He admits
negligence?
Counsel:     Yes.
Court:         The challenge is proximate cause and damages.
Counsel:     Correct. 

Finally, during closing arguments, Ingles counsel 
 again stated that Ingle admitted hes liable.  
In order to establish a claim for negligence, 
 a plaintiff must prove the following elements:  1) a duty of care owed by the 
 defendant to the plaintiff, 2) a breach of that duty by negligent act or omission, 
 and 3) damage proximately caused by the breach.  Huggins v. Citibank, N.A., 
 355 S.C. 329, 332, 585 S.E.2d 275, 276 (2003).  Ingle clearly admitted he owed 
 a duty to Richie and his negligent actions breached that duty.  However, Ingles 
 counsel indicated that his use of the word liability was a misstatement, and 
 clarified that they challenged proximate cause and damages in this case.  Additionally, 
 there was sufficient evidence from which an inference could be drawn that the 
 damages claimed were not proximately caused by the impact between the parties 
 cars.
In spite of the misstatements made by 
 Ingles counsel indicating Ingle admitted liability for the accident, the jury 
 had before it evidence from which it could find that Richies damages were not 
 proximately caused by the impact between their cars, and thus return a verdict 
 for Ingle.  Viewing the evidence in the light most favorable to Ingle, an inference 
 could be drawn that he only admitted negligence, and proximate cause and damages 
 were still issues to be determined by the jury.  Accordingly, we find the trial 
 court properly denied the motion for a directed verdict as to liability.
II.      Thirteenth Juror Doctrine
Richie maintains the trial court erred 
 in failing to grant a new trial absolute under the thirteenth juror doctrine.  
 He asserts the evidence does not justify a defense verdict in this case.  We 
 find no error.
The thirteenth juror doctrine is a vehicle 
 by which the trial court may grant a new trial absolute when he finds that the 
 evidence does not justify the verdict.  This ruling has also been termed granting 
 a new trial upon the facts.  Folkens v. Hunt, 300 S.C. 251, 254, 387 
 S.E.2d 265, 267 (1990).  A trial judges order granting or denying a new trial 
 upon the facts will not be disturbed unless his decision is wholly unsupported 
 by the evidence, or the conclusion reached was controlled by an error of law.  
 Id. at 254-255, 387 S.E.2d at 267.  In reviewing the denial of a motion 
 for a new trial under the thirteenth juror doctrine, the appellate court must 
 consider only whether there is any evidence to support the trial courts decision.  
 Haselden v. Davis, 341 S.C. 486, 506, 534 S.E.2d 295, 306 (Ct. App. 2000).  
 Thus, in order to reverse such a denial, the appellate court must find the moving 
 party was entitled to a directed verdict at trial.  Id.
The record in this case contains contested evidence 
 regarding the severity of the impact of the cars and the amount of damages resulting 
 from the impact.  Ingle testified that the contact between the cars was very 
 light, describing the cars as only touching and stating, we bumped at best.  
 Ingle testified that the damage to his car was a [v]ery, very small dent, 
 as depicted in a picture of the side of his car which came into contact with 
 Richies.  The passenger in Ingles vehicle testified that they came to a stop 
 after the first collision and she did not feel another impact, but discovered  
 Ingles car was touching Richies car when they attempted to exit the vehicle.  
 Richie, on the other hand, testified the photograph of Ingles car was not an 
 accurate depiction of how his car appeared immediately after the collision.  
 He stated that it looked as if the sheet metal on the door panel of Ingles 
 car had popped back out, while it appeared to be pushed in approximately six 
 inches right after the accident.  
Additionally, the medical testimony conflicted.  
 Ingle and his passenger both testified that Richie seemed unhurt after the impact 
 and that he was able to move around fine.  After the impact, Richie allowed 
 a passenger in the first accident to be taken by ambulance.  Instead of seeking 
 immediate medical attention, Richie went home for the evening and did not seek 
 any treatment for injuries until two days later when he saw his chiropractor 
 during a previously scheduled appointment.  
Further, Richies neurosurgeon, Dr. Keller, testified 
 that Richie suffered from degenerative disk disease or degenerative joint disease.  
 He stated there could be a causal connection between the accident and the herniated 
 disk, but admitted his diagnosis of a connection was based upon the history 
 presented by Richie.  He also stated Richie had described the accident to him 
 as something of a near head-on collision and he got the impression that it 
 was a pretty direct blunt impact of a significant nature.  Additionally, Dr. 
 Keller admitted he could not say whether or not the wreck exacerbated the preexisting 
 degenerative joint disease.  
The record contains contradictory evidence regarding 
 the severity of the impact between Ingles and Richies vehicles, as well as 
 medical testimony which contains some uncertainty regarding the cause of his 
 herniated disk.  Based upon our limited standard of review, we cannot say the 
 trial courts decision is wholly unsupported by the evidence, or the conclusion 
 reached was controlled by an error of law.  Accordingly, we find the trial court 
 did not abuse its discretion in denying the motion for a new trial under the 
 thirteenth juror doctrine.
III.    Jury Charge
Richie asserts the trial court erred in 
 refusing to charge the jury with his requested charge regarding his preexisting 
 condition.  We disagree.
The circuit court must charge the current and correct 
 law to the jury.  McCourt v. Abernathy, 318 S.C. 301, 306, 457 S.E.2d 
 603, 606 (1995).  When reviewing jury charges for error, an appellate court 
 must consider the courts charge as a whole in light of the evidence and issues 
 presented at trial.  Keaton ex rel. Foster v. Greenville Hosp. Sys., 
 334 S.C. 488, 497, 514 S.E.2d 570, 575 (1999).  A jury charge is correct if, 
 when read as a whole, it contains the correct definition and adequately charges 
 the law.  Id. at 495-96, 514 S.E.2d at 574.  It is the substance of the 
 law that must be instructed to the jury, not any particular verbiage.  Id. 
 at 496, 514 S.E.2d at 574.  Further, refusal to give a properly requested charge 
 is not error if the general instructions are sufficiently broad to enable the 
 jury to understand the law and the issues involved.  McCourt, 318 S.C. 
 at 306, 457 S.E.2d at 606.
Richie asked the court to instruct the 
 jury with the following language:

That Plaintiff has preexisting condition resulting in greater 
 susceptibility to injury would not diminish his entitlement to damages for personal 
 injuries.  

The trial court denied the specific request, 
 noting that the proposed instruction was covered by the courts general charge.  
 The trial courts instruction given to the jury included the following relevant 
 instruction:

I now want to charge you on a principle of law called preexisting 
 condition.  [An] injured person is entitled to recover full compensation for 
 all damages which proximately directly result from a defendants negligent act 
 or omission.  This is so even if the persons injuries may have been aggravated 
 by reason of a preexisting condition.  A defendant cannot invoke a preexisting 
 condition of the person injured for the purpose of escaping the consequences 
 of his own negligence or reducing the damages for which he is liable.
If a plaintiff is suffering from a preexisting condition 
 and the preexisting condition is aggravated by injuries sustained in a subsequent 
 accident for which you find the plaintiff should be compensated, the plaintiff 
 would be entitled to be compensated for the aggravation of the preexisting injury 
 or condition as well as any new or additional injuries sustained in the subsequent 
 accident.  Provided, of course, such aggravation or new injury is the natural 
 and proximate result of the negligence of the defendant.

The circuit courts charge contained the current 
 and correct law. When considered as a whole, the general instructions contained 
 the correct definitions and adequately charged the substance of the law.  Refusal 
 to give the instruction specifically requested was not error since the general 
 instructions were sufficiently broad to enable the jury to understand the law 
 and the issues involved.  Accordingly, we find no error in the charge as given 
 by the court or in its refusal to charge the specific language requested by 
 Richie.
CONCLUSION
We find the trial court did not err in 
 denying Richies motion for a directed verdict as to liability.  While Ingles 
 attorney acknowledged he had admitted liability, he informed the court that 
 was a misstatement, and he clearly indicated Ingle contested proximate cause 
 and damages and admitted only negligence.  Because the evidence was susceptible 
 to more than one reasonable inference, the motion was properly denied.  We further 
 hold there was conflicting evidence in the record such that the trial court 
 did not err in refusing to grant a new trial pursuant to the thirteenth juror 
 doctrine.  Finally, while the jury charge did not use the specific language 
 requested by Richie, the charge, considered as a whole, was sufficiently broad 
 to enable the jury to understand the law and the issues involved.  Accordingly, 
 the decisions of the trial court are 
AFFIRMED.
HUFF, STILWELL, and CURETON, JJ., concur.

 
 [1] 
 In his complaint, Richie sought compensation for damages related to his physical 
 injuries, but not for damages to his automobile.