**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Patricia Doller, Respondent,

v.

Lohr Plumbing, Inc., Appellant.

Appellate Case No. 2015-002618

———————

Appeal From Beaufort County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-230
Submitted April 1, 2018 – Filed June 6, 2018

———————

**AFFIRMED**

———————

Ralph E. Tupper and Stacey Patterson Canaday, both of Tupper, Grimsley, Dean & Canaday, P.A., of Beaufort, for Appellant.

A. Parker Barnes, Jr., of A. Parker Barnes, Jr., PA, of Beaufort, and Brian Pratt Robinson, of Bruner Powell Wall & Mullins, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Lohr Plumbing, Inc. appeals a circuit court order granting Patricia Doller a new trial based on the thirteenth juror doctrine. On appeal, Lohr argues (1) the circuit court erred by granting Doller's motion for a new trial based

on the thirteenth juror doctrine, (2) the circuit court erred by denying Lohr's motion for a directed verdict, and (3) this court should abolish or revise the thirteenth juror doctrine. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred by granting Doller's motion for a new trial based on the thirteenth juror doctrine: *Folkens v. Hunt*, 300 S.C. 251, 254, 387 S.E.2d 265, 267 (1990) ("The thirteenth juror doctrine is a vehicle by which the [circuit] court may grant a new trial absolute when [it] finds the evidence does not justify the verdict."); *Lane v. Gilbert Constr. Co.*, 383 S.C. 590, 599, 681 S.E.2d 879, 883 (2009) (stating when inquiring about whether the evidence justifies the jury verdict, the circuit court "is perfectly justified in noting whether the evidence presented to the jury was or was not challenged in front of the jury"); *id.* at 597, 681 S.E.2d at 883 ("Upon review, a [circuit court]'s order granting or denying a new trial will be upheld unless the order is wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law."); *id.* ("This [c]ourt's review is limited to consideration of whether evidence exists to support the [circuit] court's order."); *id.* at 597-98, 681 S.E.2d at 883 ("As long as there is conflicting evidence, this [c]ourt has held the [circuit court]'s grant of a new trial will not be disturbed.").

2. As to whether the circuit court erred by denying Lohr's motion for a directed verdict: Rule 50(a), SCRCP ("When upon a trial the case presents only questions of law the [circuit court] may direct a verdict."); *Winters v. Fiddie*, 394 S.C. 629, 644, 716 S.E.2d 316, 324 (Ct. App. 2011) ("A motion for directed verdict goes to the entire case and may be granted only when the evidence raises no issue for the jury as to liability."); *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331-32, 732 S.E.2d 166, 171 (2012) ("When reviewing the [circuit] court's ruling on a motion for a directed verdict or a JNOV, this [c]ourt must apply the same standard as the [circuit] court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* at 332, 732 S.E.2d at 171 ("The [circuit] court must deny a motion for a directed verdict or JNOV if the evidence yields more than one reasonable inference or its inference is in doubt."); *id.* ("An appellate court will reverse the [circuit] court's ruling only if no evidence supports the ruling below. In deciding such motions, neither the [circuit] court nor the appellate court has the authority to decide credibility issues or to resolve conflicts in the testimony or the evidence." (citation omitted)).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

3. As to whether this court should abolish or revise the thirteenth juror doctrine: *Folkens,* 300 S.C. at 254, 387 S.E.2d at 267 ("[The South Carolina Supreme] Court has had an opportunity to reconsider the thirteenth juror doctrine on several occasions.  Each time [the Court has] refused to abolish the doctrine."); *see also Lane*, 383 S.C. at 600, 681 S.E.2d at 884 ("Th[e] Court has reviewed the doctrine on several occasions and has refused to abolish it."); *Howard v. Roberson*, 376 S.C. 143, 152, 654 S.E.2d 877, 882 (Ct. App. 2007) (restating our supreme court's refusal to abolish the doctrine); *Shea by Reynolds v. State Dep't of Mental Retardation*, 279 S.C. 604, 608, 310 S.E.2d 819, 821 (Ct. App. 1983) ("The maintenance of a harmonious body of decisional law is essential to the efficient administration of justice.  Therefore, if the judicial system is to operate efficiently, this court must be bound by decisions of the Supreme Court."), *overruled on other grounds by McCall by Andrews v. Batson*, 285 S.C. 243, 329 S.E.2d 741 (1985); *Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 303 S.C. 52, 59, 398 S.E.2d 500, 504 (Ct. App. 1990) ("As a decision of the Supreme Court, it is also binding authority on this [c]ourt."); *Bain v. Self Mem'l Hosp.*, 281 S.C. 138, 141, 314 S.E.2d 603, 605 (Ct. App. 1984) ("Where the law has been recently addressed by our Supreme Court and is unmistakably clear, this court has no authority to change it."), *overruled on other grounds by McCall by Andrews v. Batson*, 285 S.C. 243, 329 S.E.2d 741 (1985).

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**