**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ralph C. Williams, Sr. and Linda Williams, Appellants,

v.

Patricia A. Johnson, Josette Peppers, and UniHealth Post-Acute Care - Orangeburg, LLC, Respondents.

Appellate Case No. 2017-000963

_____

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

_____

Unpublished Opinion No. 2020-UP-014
Heard December 11, 2019 – Filed January 15, 2020

_____

**AFFIRMED**

_____

Robert Paul Foster, of Foster Law Firm, LLC, of Greenville, and Java O. Warren, of Charlotte, North Carolina, both for Appellants.

Jason Edward Bring, of Arnall Golden Gregory, LLP, of Atlanta, Georgia, and Tyler Lawrence Arnold, of Norcross, Georgia, for Respondents.

_____

**PER CURIAM:** This appeal follows a jury trial on Ralph C. Williams Sr. and Linda Williams's (collectively Appellants') claims for defamation and loss of consortium

against Patricia A. Johnson, Josette Peppers, and UniHealth Post-Acute Care - Orangeburg, LLC (collectively Respondents).  The jury by special verdict (1) found Johnson and Peppers did not act in good faith in reporting their suspicions about Ralph Williams Sr.'s (Ralph's) alleged sexual abuse of a nursing home patient; (2) found Johnson and Peppers were not acting in the scope of their employment when they reported the alleged sexual abuse; and (3) awarded Ralph $102,500 in actual damages and $897,000 in punitive damages.  The circuit court granted Respondents a new trial pursuant to the thirteenth juror doctrine.  On appeal, Appellants argue the circuit court (1) abused its discretion in granting Respondents a new trial under the thirteenth juror doctrine, (2) erred in overruling Appellants' objection to the verdict form and in denying their motions for a directed verdict and judgment notwithstanding the verdict (JNOV) on the issue of whether Johnson and Peppers were acting in the scope of their employment when they reported the alleged sexual abuse, and (3) erred in permitting Respondents to present a joint defense when UniHealth tried to remove its liability by pursuing the trial strategy that Johnson and Peppers acted outside of the scope of their employment when they reported Ralph. We affirm.

## I.

On June 21, 2010, Ralph, Johnson, and Peppers were working at an Orangeburg nursing home operated by UniHealth.  Ralph was a certified nursing assistant (CNA), and Johnson and Peppers were licensed practical nurses (LPNs).  During the early morning, Johnson found Ralph's supply cart outside of room thirty-nine, which was occupied by two residents; when she entered the room, she saw Ralph on the bed with a female resident (Victim) with his pants down.[1]  Johnson asked Ralph what he was doing, and Ralph asked Johnson to shut the door.  Johnson left the room and went to get Peppers.  Johnson and Peppers returned to the room and found Ralph in the corner with the overhead lights off adjusting his pants.

Peppers called the police, who determined there was probable cause to arrest Ralph. Ralph was not convicted on any charges related to this incident.  Thereafter, Appellants filed an action against Respondents asserting claims for defamation and loss of consortium—for which UniHealth would also be liable under the theory of *respondeat superior*.

---

[1] Victim was a forty-two year old woman, who was incapacitated and paralyzed after a stroke.  Her roommate was a dementia patient.

At the close of Appellants' case, Respondents moved for a directed verdict, arguing Appellants had not met their burden to overcome the presumption of good faith as established by the Omnibus Adult Protection Act[2] (the Act). The circuit court denied the motion for a directed verdict on all issues, except the issue of lost wages.

Following closing arguments, the circuit court reviewed the special verdict form with the jury, explaining (1) questions one and two asked whether Johnson and Peppers acted in good faith in reporting Ralph; (2) the jury should only continue to the other questions if they found Johnson and Peppers acted in bad faith; (3) questions three and four asked if Johnson and Peppers acted outside of the scope of their employment; (4) question five asked the jury to state the amount of Ralph's actual damages, and question six asked the jury to state the amount of Ralph's wife's actual damages; (5) question seven asked if the jury found the harm to Appellants to be due to "willful, wanton, and reckless conduct of" each of the Respondents separately; and (6) question eight asked the jury to enter the amount of any punitive damages that should be imposed on each Respondent.

Using the special verdict form, the jury returned a verdict in favor of Ralph on his claims for defamation. The jury indicated Johnson and Peppers did not act in good faith in reporting Ralph, and they acted outside of the scope of their employment with UniHealth in reporting Ralph. The jury then awarded Ralph $102,500 in actual damages and $200,000 in punitive damages from Johnson; $97,500 in punitive damages from Peppers; and $600,000 in punitive damages from UniHealth.

Both sides made post-verdict motions. Appellants filed a motion for JNOV as to the issue of whether Johnson and Peppers acted in the scope of their employment, arguing the undisputed facts show they were acting in the scope of their employment when they reported the alleged sexual abuse. The Respondents moved for JNOV or in the alternative a new trial absolute, arguing the only inference from the evidence was that Johnson and Peppers acted in good faith when they reported the alleged sexual abuse, and as such, the circuit court should have granted Respondents' motions for directed verdict. They also asked the court to grant a new trial pursuant to the thirteenth juror doctrine because the evidence did not justify the verdict. UniHealth also moved for JNOV or new trial, arguing the circuit court should deny Appellants' post-trial motions and "exercise its power to enter judgment in

---

[2] S.C. Code Ann. §§ 43-35-5 to -595 (2015 & Supp. 2019) (providing a system for the protection of adults in South Carolina and clarifying the reporting procedures for abuse, neglect, and exploitation of adults, including that reporters are immune from both civil and criminal liability for reporting if they reported in good faith).

accordance with the jury's interrogatory answers and set aside the punitive damages award against . . . UniHealth."

The circuit court granted Respondents a new trial under the thirteenth juror doctrine, finding the evidence did not justify the verdict. The circuit court dismissed the remaining post-trial motions as moot. Appellants moved for reconsideration, asserting "[a]n error of law occurred because the trial judge related to the parties that he may have made a mistake in charging the immunity statute." The circuit court denied Appellants' motion to reconsider, stating the evidence did not justify the jury's verdict and "[t]his court is concerned that the jury improperly handled the issue of [Johnson's and Peppers'] immunity under the [Act]." This appeal followed.

## II.    NEW TRIAL

Appellants argue the circuit court abused its discretion in granting Respondents a new trial pursuant to the thirteenth juror doctrine. We disagree.

The thirteenth juror doctrine empowers a trial court that believes the verdict is contrary to the evidence to "hang" the jury, thus necessitating a new trial. *Trivelas v. S.C. Dep't of Transp.*, 357 S.C. 545, 553, 593 S.E.2d 504, 508 (Ct. App. 2004) ("The effect is the same as if the jury failed to reach a verdict, and thus, the circuit court is not required to give any reason for granting the new trial."). The doctrine arms the trial court with "the veto power to the Nth degree." *Worrell v. S.C. Power Co.*, 186 S.C. 306, 313, 195 S.E. 638, 641 (1938). The trial court is not required to explain or justify its decision to invoke the doctrine, and—because it is obligated to see that justice is done—it is duty-bound to grant a new trial if the evidence does not support the verdict. *Folkens v. Hunt*, 300 S.C. 251, 254–55, 387 S.E.2d 265, 267 (1990). We must uphold a trial court's thirteenth juror decision unless it is "wholly unsupported by the evidence." *Worrell*, 186 S.C. at 314, 195 S.E. at 641. And "where . . . the circuit court applied the correct legal standard for granting a new trial, and conflicting evidence exists on the contested issues, a circuit court's decision to sit as a thirteenth juror and grant a new trial absolute is inviolable." *Trivelas*, 357 S.C. at 553, 593 S.E.2d at 508.

First, we find the circuit court's grant of a new trial was not "wholly unsupported by the evidence." *Youmans ex rel. Elmore v. S.C. Dep't of Transp.*, 380 S.C. 263, 271, 670 S.E.2d 1, 4 (Ct. App. 2008) ("[A] trial judge's order granting or denying a new trial will be upheld unless the order is 'wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law.'" (quoting *Folkens*, 300 S.C. at 254–55, 387 S.E.2d at 267)). The circuit court found the evidence did not support the jury's verdict. *See Folkens*, 300 S.C. at 254, 387 S.E.2d at 267 ("The thirteenth

juror doctrine is a vehicle by which the trial court may grant a new trial absolute when he finds that the evidence does not justify the verdict."). In particular, the circuit court noted Ralph admitted he was on Victim's bed with his pants at least somewhat down, and it also noted the evidence established nurses were not permitted to be on a resident's bed. The evidence in support of the circuit court's conclusion included (1) Ralph's testimony he was on the bed with Victim, and his pants were at least somewhat down because the ties on his pants got stuck while he attempted to change Victim's diaper and bedding; (2) the nursing home's written policy, which did not instruct nurses to get on a bed with a resident in order to change or move the resident; (3) a nursing teacher's testimony that nursing students were not taught to get on a bed with a resident to change or move the resident; (4) Johnson's testimony she saw Ralph with his pants down on top of Victim; and (5) Johnson's and Peppers' testimonies they saw Ralph adjusting his pants in Victim's room after Johnson saw Ralph on top of the bed with Victim.

Additionally, Appellants argue that by denying Respondents' directed verdict motion, the circuit court made an implicit finding that some evidence existed regarding whether Johnson and Peppers acted in good faith or in the scope of their employment when they reported the alleged sexual abuse. On a directed verdict motion, "if the evidence . . . is susceptible of more than one reasonable inference, the case must be submitted to the jury." *Hurd v. Williamsburg Cty.*, 353 S.C. 596, 609, 579 S.E.2d 136, 142–43 (Ct. App. 2003), *aff'd*, 363 S.C. 421, 611 S.E.2d 488 (2005). However, it does not "follow that because under the law the trial judge is compelled to submit the issues to the jury, he cannot grant a new trial absolute." *Youmans*, 380 S.C. at 271–72, 670 S.E.2d at 5 (quoting *Worrell*, 186 S.C. at 313–14, 195 S.E. at 641). Accordingly, we find evidence exists to support the circuit court's thirteenth juror order. *See id.* at 271, 670 S.E.2d at 4 ("This [c]ourt's 'review is limited to consideration of whether evidence exists to support the trial court's order.'" (quoting *Folkens*, 300 S.C. at 255, 387 S.E.2d at 267)).

As to Appellants' argument the circuit court misapplied the law regarding immunity under the Act and, thus, erred in granting Respondents a new trial, we find the circuit court's exercise of discretion in granting a new trial was not "clearly . . . controlled by a manifest error of law." *Id.* at 271, 670 S.E.2d at 5 ("Further, in an appeal of an order granting a new trial pursuant to the thirteenth juror doctrine, the appellant 'bears the heavy burden of demonstrating to the court that it clearly appeared that the judge's exercise of discretion was controlled by a manifest error of law.'" (quoting *Todd v. Owen Indus. Prods., Inc.*, 315 S.C. 34, 36, 431 S.E.2d 596, 598 (Ct. App. 1993))). In its order denying Appellants' motion to reconsider the order granting Respondents a new trial pursuant to the thirteenth juror doctrine, the circuit court

noted the jury may have "improperly handled the issue of [Johnson's and Peppers'] immunity under the . . . Act."  Appellants argue the circuit court's statement was an error of law because the court must have "believed [the Act] provided immunity from liability . . . for a reporter as a matter of law," when the immunity actually granted in the Act is qualified.  *See* S.C. Code Ann. § 43-35-75(A) (2015) ("A person who, acting in good faith, reports pursuant to this [Act] . . . is immune from civil and criminal liability which may otherwise result by reason of this action.  In a civil or criminal proceeding[,] good faith is a rebuttable presumption.").  The circuit court was restating, admittedly in a different and more specific way, its belief that the evidence did not justify the verdict—specifically that the evidence did not justify a finding that Johnson and Peppers acted in bad faith, which would have prevented them from claiming immunity.  Thus, while Appellant accurately states immunity under the Act is qualified, *see id.*, nothing about the court's order indicates the circuit court believed immunity was not qualified.  In particular, we note the circuit court properly cited to section 43-35-75(A) in both the order granting Respondents a new trial and the order denying Appellants' motion to reconsider, correctly stating immunity under the Act depended on whether a reporter acted in good faith and that good faith was a rebuttable presumption.  Therefore, as to Appellants' argument the circuit court erred in finding the jury may have misapplied the law in regards to Johnson's and Peppers' immunity under the Act, we agree with Respondents this argument misinterprets the circuit court's orders, and we find the circuit court's statements fell within its authority under the thirteenth juror doctrine.  *See Folkens*, 300 S.C. at 254, 387 S.E.2d at 267 ("The thirteenth juror doctrine is a vehicle by which the trial court may grant a new trial absolute when he finds that the evidence does not justify the verdict.").

Because evidence supports the circuit court's grant of a new trial to Respondents, and the ruling was not controlled by an error of law, we find the circuit court did not err in granting Respondents a new trial.  *See Youmans*, 380 S.C. at 271, 670 S.E.2d at 4 ("[A] trial judge's order granting or denying a new trial will be upheld unless the order is 'wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law.'" (quoting *Folkens*, 300 S.C. at 254–55, 387 S.E.2d at 267)).  Accordingly, we affirm as to this issue.

### III.    APPELLANTS' MOTION FOR JNOV

Because we affirm the grant of a new trial to Respondents, we need not consider whether the circuit court erred in denying Appellants' motion for a JNOV on the scope of employment issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## IV.   CONFLICT OF INTEREST

Appellants argue the circuit court erred in permitting the same lawyers to represent all of the Respondents and present a joint defense. Appellants claim the joint representation became an irreconcilable conflict of interest when Respondents requested a jury interrogatory as to whether Johnson and Peppers acted outside the scope of their employment.

This issue is unpreserved for appellate review because, as conceded by Appellants at oral argument, Appellants never asked the circuit court to disqualify Respondents' counsel, and they did not raise the issue of the potential conflict of interest to the circuit court until they filed their post-trial motion for a JNOV. *See Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved."). However, nothing in this opinion shall be construed as prohibiting the circuit court at the new trial from considering whether such joint representation complies with the South Carolina Rules of Professional Conduct and promotes the fair administration of justice, a matter upon which we express no opinion.

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**