**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John M. Burgess, Appellant,

v.

Katherine C. Hunter, Respondent.

Appellate Case No. 2018-001423

_____

Appeal From Pickens County
Edward W. Miller, Circuit Court Judge

_____

Unpublished Opinion No. 2022-UP-036
Heard September 15, 2021 – Filed February 2, 2022

_____

**AFFIRMED**

_____

Stephen N. Garcia, of Garcia Law Firm, LLC, of
Greenville, for Appellant.

Andrew F. Lindemann, of Lindemann & Davis, P.A., of
Columbia, for Respondent.

_____

**PER CURIAM:** In this civil appeal, John M. Burgess asserts the trial court's facial expressions and gestures directed towards his counsel during trial prejudiced the jury and ultimately influenced the jury's verdict. Burgess also contends the

trial court erred in dismissing his motion for a new trial that followed the jury's verdict and in dismissing his amended motion for new trial. We affirm.

1. We find Burgess failed to preserve the issue regarding the trial court's facial expressions and gestures for appellate review. *See Norton v. Norfolk S. Ry. Co.*, 350 S.C. 473, 478, 567 S.E.2d 851, 854 (2002) ("Upon review, a trial [court]'s order granting or denying a new trial will be upheld unless the order is 'wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law.'" (quoting *Folkens v. Hunt*, 300 S.C. 251, 254–55, 387 S.E.2d 265, 267 (1990))); *id.* at 478–79, 567 S.E.2d at 854 (stating an appellate court's "review is limited to consideration of whether evidence exists to support the trial court's order" (quoting *Folkens*, 300 S.C. at 255, 387 S.E.2d at 267)). In the present case, although Burgess's counsel, Stephen Garcia, had a contentious exchange with the trial court regarding the court's facial expressions, the exchange did not occur in front of the jury and Garcia failed to point to any evidence in the record describing the alleged prejudicial facial expressions and gestures or demonstrating actual bias or prejudice from the judge or jury. Further, Burgess failed to request a remedy for the prejudicial expressions and gestures—curative instructions, the court's recusal, or a mistrial. The trial lasted five days—Monday through Friday—and the expressions and gestures Burgess contends were prejudicial occurred on Monday. The contentious exchange between the trial court and Garcia occurred on Tuesday morning. Burgess failed to object or seek a remedy, orally or in writing, for the purported facial expressions and gestures the remainder of trial. Finally, while the tone and tenor of the trial court's question "are you threatening me" and the remarks that followed would have been intimidating and uncomfortable to respond to, they did not relieve Burgess of his duty to provide a sufficient record for this court's review on appeal. *See Parks v. Morris Homes Corp.*, 245 S.C. 461, 470, 141 S.E.2d 129, 134 (1965) ("The fact that counsel may have some hesitancy in making objection[s] during the trial to remarks or conduct of the court, which are considered prejudicial, does not excuse the failure to do so."); *State v. Tyndall*, 336 S.C. 8, 17, 518 S.E.2d 278, 283 (Ct. App. 1999) ("An appellant has a duty to provide [an appellate court] with a record sufficient for review of the issues on appeal."). Although Burgess contends a motion for a mistrial or the court's recusal would have been futile following his contentious exchange with the court, the record must contain an inkling of evidence describing the facial expressions being objected to or showing the expressions or gestures were made. *Cf. State v. Pace*, 316 S.C. 71, 74, 447 S.E.2d 186, 187 (1994) (finding an issue preserved for appellate review even though the attorney failed to object because the tone and tenor of the trial court's remarks rendered an objection futile and the trial court

made the prejudicial remarks about the attorney's gender on the record and in front of the jury).

2. Because we find Burgess failed to preserve for appellate review the issue related to the trial court's facial expressions and gestures, we decline to address whether the trial court erred in denying Burgess's motion for a new trial and his amended motion for a new trial that were based on the same grounds. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that appellate courts need not address remaining issues after deciding an issue that is dispositive of the appeal).

**CONCLUSION**

Based on the foregoing, the trial court's rulings are

**AFFIRMED.**

**WILLIAMS, A.C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**