687 S.E.2d 54

**Alonzo BRINKLEY, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Respondent.**

No. 4629.

Court of Appeals of South Carolina.

Heard Oct. 7, 2009.

Decided Nov. 10, 2009.

---

184 

——————

John Terrence Mobley, of Columbia, for Appellant.

Samuel F. Arthur, III, of Florence, for Respondent.

HEARN, C.J.

Alonzo Brinkley appeals the circuit court's vacation of the jury award and grant of a new trial in favor of Respondent, South Carolina Department of Corrections (Department). Brinkley asserts sufficient evidence of gross negligence existed to support the verdict and the amount of the verdict was not so excessive as to shock the conscience. We affirm.

## FACTUAL/PROCEDURAL HISTORY

Brinkley was an inmate with Department, housed at the Evans Correctional Facility (Evans) in November of 2004. During the first part of the month, a special unit of Department officers, known as the Rapid Response Team (the Team), was in control of Evans pursuant to an institutional lock-down to investigate suspicions of contraband being smuggled into the facility. Brinkley asserts that during the lock-down the Team physically assaulted him. According to Brinkley he was sprayed with mace; struck in the back of his head with the

mace canister; punched and kicked while on the ground; and finally rammed, head-first, into a brick wall.

Brinkley testified he received medical attention for his injuries immediately following the assault, including multiple bruises and a large bump on his head that remained for several weeks. Thereafter, Brinkley filed suit against Department, alleging gross negligence, assault and battery, and intentional infliction of emotional distress. A jury trial resulted in a verdict for Brinkley in the amount of $600,000. Department filed a post-trial motion, requesting judgment notwithstanding the verdict, and, alternatively, a new trial based on the excessiveness of the verdict or the thirteenth juror doctrine, or new trial *nisi remitittur*, pursuant to Rules 50(b) and 59, SCRCP. The circuit court held a hearing on the motions and subsequently issued an order granting Department's motion for a new trial absolute. This appeal follows.

## STANDARD OF REVIEW

A circuit court may grant a new trial absolute on the ground that the verdict is excessive or inadequate. *Rush v. Blanchard*, 310 S.C. 375, 379, 426 S.E.2d 802, 805 (1993). "The jury's determination of damages, however, is entitled to substantial deference." *Id.* The circuit court should grant a new trial absolute on the excessiveness of the verdict only if the amount is so grossly inadequate or excessive so as to shock the conscience of the court and clearly indicates the figure reached was the result of passion, caprice, prejudice, partiality, corruption, or some other improper motives. *Id.* at 379–80, 426 S.E.2d at 805.

The grant or denial of new trial motions rests within the discretion of the circuit court, and its decision will not be disturbed on appeal unless its findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law. *Umhoefer v. Bollinger*, 298 S.C. 221, 224, 379 S.E.2d 296, 297 (Ct.App.1989); *see also Boozer v. Boozer*, 300 S.C. 282, 283, 387 S.E.2d 674, 675 (Ct.App.1988) (stating the court of appeals has no power to review circuit court's ruling unless it rests on basis of fact wholly unsupported by evidence or is controlled by error of law). "In deciding whether to assess error to a court's denial of a motion for a new trial, we

must consider the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Umhoefer*, 298 S.C. at 224, 379 S.E.2d at 297.

## LAW/ANALYSIS

■■ Brinkley contends the circuit court erred in granting Department's motion for a new trial absolute, arguing sufficient evidence of gross negligence existed to support the verdict and the amount of the verdict was not so excessive as to shock the conscience.[1]  In essence, Brinkley maintains the circuit court did not give substantial deference to the credibility determinations typically left to the discretion of the jury, and in so doing, was not justified in invading the jury's province.

In its order, the circuit court determined little or no evidence substantiated Brinkley's claims for damages outside of his own testimony and that of two other inmates who claimed to have witnessed the assault.  The court noted Brinkley failed to introduce any medical records supporting the testimony of injuries, while the testimony of Department's doctor, who claims to have seen Brinkley some four days following the alleged assault, testified Brinkley neither exhibited signs or symptoms of an assault, nor complained to him that he had been assaulted.  Moreover, the court noted Brinkley himself testified he had no permanent scars or other marks resulting from the alleged assault.  Additionally, the circuit court discussed the possibility that the jury reached its decision by considering improper punitive or exemplary measures.  The circuit court noted Brinkley's counsel came close in his closing statement to asking the jury to "send a message" to Department when calculating any damages award;  this, it concluded,

---

1.  Brinkley also asserted in oral argument that the circuit court committed an error of law when it improperly melded the standards for granting a new trial based on the excessiveness of the verdict or the thirteenth juror doctrine.  Because Brinkley neither filed a Rule 59(e), SCRCP, motion asking the circuit court to address the alleged error in the application of two legal remedies in its order, nor included this argument in its brief to this court, we find the argument is not preserved for our review.  *See Lucas v. Rawl Family Ltd. P'ship*, 359 S.C. 505, 510–11, 598 S.E.2d 712, 715 (2004) (stating an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review).

contributed to the excessiveness of the verdict.[2]  Finally, the circuit court determined the amount of damages the jury awarded, based on the evidence and testimony admitted at trial, clearly indicated the verdict must have been the result of caprice, passion, prejudice, partiality, corruption, or other improper motive, and it was so excessive that it shocked the conscience.

We agree with the Appellant that the record contains some evidence to support a verdict against Department.  Unfortunately for Brinkley, that is not the lens through which an appellate court must view a circuit court's grant of a new trial absolute.  Brinkley did not introduce into evidence any medical records tending to show the effects of the alleged assault, although he does correctly point out that Department is in sole possession and control of those records.  Additionally, Brinkley did testify to some aspects of pain and suffering on which a jury could base an award of damages.  However, we agree with the circuit court that an award of $600,000, for an assault that admittedly left Brinkley no permanent scars or injuries, is so excessive as to shock the conscience.  This is particularly true in a case in which an award could not, and should not, have contained any element of punitive or deterrent-based damages, because the defendant was a governmental entity. *See Macmurphy v. S.C. Dep't of Highways & Public Transp.*, 295 S.C. 49, 51, 367 S.E.2d 150, 151–52 (1988) (stating that punitive damages are not recoverable, absent an authorizing statute, against the State of South Carolina or its agencies).

Nevertheless, as stated above, our standard also requires a finding that the jury award was clearly reached as a result of passion, caprice, prejudice, partiality, corruption, or some other improper motives.  Brinkley contends the circuit court's justification for that finding—a statement made by Brinkley's

---

2.  A review of the record reveals Brinkley's counsel actually stated:

Now, when you think about damages in this case you've got to determine what's an appropriate amount, a monitory [sic] amount to award Alonzo Brinkley.  That's your decision.  Obviously, you know you've got to keep in mind that he doesn't have any medical bills to present to the jury.  The best you can give him is money in this case. I want you to think about something.  See, *in order to get somebody's attention* you've got to make them pay the money . . .

(emphasis added).  Counsel for Department then objected to this statement, and the court sustained the objection.

counsel in closing argument that was both objected to and sustained—is the only evidence of prejudice in the record and is wholly insufficient to support the circuit court's ruling. Notwithstanding, our standard of review dictates that we must only look to see if there is evidence in the record to support the circuit court's decision to grant a new trial, and, only in the complete absence of such evidence, is it within our province to find the circuit court abused its discretion. Because there is evidence and testimony in the record to support its finding of both elements, we cannot say the circuit court abused its discretion in granting Department's motion for a new trial absolute. The decision of the circuit court is therefore

**AFFIRMED.**

KONDUROS, J., and LOCKEMY, J., concur.