THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Transportation, Respondent,
 
 

v.

 
 
 
 Grice, Mercer,
 & Livingston, LLC, Appellant, 
 
 and
 
 
 
 Lattie M.
 Upchurch, Jr. (Mortgagee), James Stanley Grice, Sr. (Mortgagee), Harold N.
 Livingston, Sr. (Mortgagee), Dominion Credit, LLC F/K/A Wakita Capital, LLC (Judgment),
 Magnolia Tire Company (Judgment), Grand Strand Water and Sewer Authority
 (Construction Assessment), Defendants.
 
 
 
 

Appeal From Horry County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2011-UP-240
Submitted May 1, 2011  Filed May 24, 2011    

AFFIRMED

 
 
 
 Amanda A. Bailey, of Myrtle Beach, and
 Chad B. Hatley, of North Myrtle Beach, for Appellant.
 John B. McCutcheon, Jr. and Mary Ruth
 Baxter, both of Conway; and Barbara M. Wessinger, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Grice, Mercer & Livingston, LLC appeals the jury verdict finding for the South
 Carolina Department of Transportation, arguing the following: (1) the trial
 court erred in allowing into evidence the March 2006 sale of the property as a
 comparable sale; and (2) the trial court erred in denying its motion for a new
 trial because it admitted into evidence the March 2006 sale of the property and
 allowed the State to use it as evidence of a benefit to the property.  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1. As to whether the trial court erred in
 allowing the March 2006 sale into evidence: S.C. State Highway Dep't v. Wilson, 254 S.C. 360, 369, 175 S.E.2d 391, 396 (1970) ("[T]he admission
 or exclusion of evidence is a matter which is addressed to the sound discretion
 of the trial judge and that in the absence of a clear abuse of such discretion,
 amounting to an error of law, his ruling will not be disturbed."); S.C.
 Code Ann. § 28-2-340(A)(5) (2007) (providing "evidence of the price and
 other terms upon the sale or the rent reserved and other terms of any lease or
 tenancy relating to the property or to any similar property in the vicinity
 when the sale or leasing occurred or the tenancy existed within a reasonable
 time of the hearing" is admissible "[f]or the purpose of determining
 the value of the land sought to be condemned and fixing just compensation in a
 hearing").
2. As to
 whether the trial court erred in denying its motion for a new trial: Brinkley v. S.C. Dep't of Corr., 386 S.C. 182, 185, 687 S.E.2d 54, 56 (Ct. App. 2009)
 ("The grant or denial of new trial motions rests within the discretion of
 the [trial] court, and its decision will not be disturbed on appeal unless its
 findings are wholly unsupported by the evidence or the conclusions reached are
 controlled by error of law.").  
AFFIRMED.
FEW, C.J.,
 PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case
 without oral argument pursuant to Rule 215, SCACR.