**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Blue Ridge Electric Cooperative, Inc., Appellant,

v.

Kathleen J. Gresham, Respondent.

Appellate Case No. 2009-141246

---

Appeal From Greenville County
R. Lawton McIntosh, Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-031
Submitted November 1, 2014 – Filed January 14, 2015

---

**AFFIRMED**

---

Larry C. Brandt, of Larry C. Brandt, PA, of Walhalla, and Steven W. Hamm, of Richardson Plowden & Robinson, PA, of Columbia, both for Appellant.

Kathleen J. Gresham, of Landrum, pro se.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the record on appeal is adequate for meaningful appellate review: *Adams v. H.R. Allen, Inc.*, 397 S.C. 652, 656, 726 S.E.2d 9, 12 (Ct. App. 2012) ("[T]he reconstructed record must allow for meaningful appellate review."); *State v. Ladson*, 373 S.C. 320, 324-25, 644 S.E.2d 271, 273 (Ct. App. 2007) (explaining the inability to prepare a complete transcript, in and of itself, does not necessarily present a ground for reversal); *id.* at 325, 644 S.E.2d at 273 ("Before a defendant can establish that he is entitled to a new trial on the basis of an inadequate reconstructed record, he must identify a specific appellate claim that this court would be unable to review effectively using the reconstructed record." (citation and internal quotation marks omitted)); *Sweat v. Crawford*, 292 S.C. 324, 327, 356 S.E.2d 147, 149 (Ct. App. 1987) (finding omissions from the record did not prejudice appellant because the evidence included in the record sufficiently supported the findings of fact made by the referee).

2.  As to whether the trial court erred by denying Appellant's new trial motion: *Brinkley v. S.C. Dep't of Corr.*, 386 S.C. 182, 185, 687 S.E.2d 54, 56 (Ct. App. 2009) ("The grant or denial of new trial motions rests within the discretion of the [trial] court . . . ."); *Norton v. Norfolk S. Ry. Co.*, 350 S.C. 473, 478, 567 S.E.2d 851, 854 (2002) ("Upon review, a trial [court]'s order granting or denying a new trial will be upheld unless the order is wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law." (internal quotation marks omitted)); *id.* at 478-79, 567 S.E.2d at 854 ("This [c]ourt's review is limited to consideration of whether evidence exists to support the trial court's order." (internal quotation marks omitted)); *Brinkley*, 386 S.C. at 185-86, 687 S.E.2d at 56 ("In deciding whether to assess error to a [trial] court's denial of a motion for a new trial, [this court] must consider the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party.").

3.  As to whether the trial court erred by denying Appellant's JNOV motion: *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 332, 732 S.E.2d 166, 171 (2012) ("An appellate court will reverse the trial court's ruling [on a JNOV motion] only if no evidence supports the ruling below.  In deciding such motions, neither the trial court nor the appellate court has the authority to decide credibility issues or to resolve conflicts in the testimony or the evidence." (citations omitted)); *id.* at 331-32, 732 S.E.2d at 171 (explaining when reviewing a trial court's ruling on a JNOV motion, the appellate court "must apply the same standard as the trial court

by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party").

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.