**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

ABC Amusements, Inc., and Scott Wiener, Respondents,

v.

Michael O. Howard, High-Lite Rides, Inc., and MGR Rides, LLC, Appellants.

Appellate Case No. 2015-002648

───────────────

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

───────────────

Unpublished Opinion No. 2018-UP-234
Heard March 14, 2018 – Filed June 6, 2018

───────────────

**AFFIRMED**

───────────────

John B. Duggan and Daniel Roper Hughes, of Duggan & Hughes, LLC, of Greer, for Appellants

Wendell Leon Hawkins and Aimee Victoria-Ann Leary, of Wendell L. Hawkins, PA, of Greer, for Respondents.

───────────────

**PER CURIAM:** Michael Howard, High-Lite Rides, Inc., and MGR Rides, LLC, (collectively, Howard) argue the circuit court erred by (1) denying Howard's motion for summary judgment as to an alleged breach of a covenant not to compete, (2) denying Howard's directed verdict motion as to an alleged breach of a

covenant not to compete at the close of ABC Amusements and Scott Wiener's (collectively, ABC Amusements) case,[1] (3) failing to more specifically instruct the jury that it could not award damages for any breach of a covenant not to compete, (4) denying Howard's motion for judgment notwithstanding the verdict (JNOV) on the breach of contract and debt collection claims, (5) denying Howard's motion for a new trial due to the unsupported judgment awarded, and (6) admitting unauthenticated and speculative exhibits summarizing ABC Amusements' alleged damages. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. We decline to address Howard's summary judgment argument because the denial of a motion for summary judgment is not appealable. *See Ballenger v. Bowen*, 313 S.C. 476, 476, 443 S.E.2d 379, 380 (1994) ("This [c]ourt has repeatedly held that the denial of summary judgment is not directly appealable."); *Watson v. Underwood*, 407 S.C. 443, 453, 756 S.E.2d 155, 160 (Ct. App. 2014) ("The denial of a motion for summary judgment is not appealable because it does not finally determine anything about the merits or strike a defense."); *id.* at 457, 756 S.E.2d at 163 ("Because the denial of a motion for summary judgment cannot be appealed, we cannot consider this issue.").

2. We find Howard failed to establish how the circuit court's denial of the directed verdict motion at an early stage of the trial prejudiced him when the circuit court ultimately granted Howard the relief he sought; at the close of the evidence, the court directed a verdict on any separate cause of action for breach of a covenant not to compete. *See Snyder's Auto World, Inc. v. George Coleman Motor Co.*, 315 S.C. 183, 186, 434 S.E.2d 310, 312 (Ct. App. 1993) ("The burden is on the appellant to show not only error, but also prejudice."); *McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) ("Appellate courts recognize—or at least they should recognize—an overriding rule of civil procedure which says: whatever doesn't make any difference, doesn't matter.").

3. We decline to review the circuit court's jury instructions because no transcript of the jury charge was included in the record on appeal. *See* Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal."); *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 488 (2005) (declining to review a jury charge when appellant failed to include the jury charge in the record on appeal); *Solley v. Navy Fed.*

---

[1] The circuit court granted the motion for directed verdict at the close of all evidence.

*Credit Union, Inc.*, 397 S.C. 192, 214, 723 S.E.2d 597, 608 (Ct. App. 2012) ("[T]he appellant has the burden of providing an adequate record on appeal").

4.  We find the circuit court properly denied Howard's motion for judgment notwithstanding the verdict.  *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331, 732 S.E.2d 166, 171 (2012) ("A motion for a JNOV is merely a renewal of the directed verdict motion."); *id.* at 332, 732 S.E.2d at 171 ("The trial court must deny a motion for a directed verdict or JNOV if the evidence yields more than one reasonable inference or its inference is in doubt."); *Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 42, 691 S.E.2d 135, 145 (2010) ("When we review a trial judge's grant or denial of a motion for directed verdict or JNOV, we reverse only when there is no evidence to support the ruling or when the ruling is governed by an error of law."); *Burns v. Universal Health Servs., Inc.*, 361 S.C. 221, 232, 603 S.E.2d 605, 611 (Ct. App. 2004) ("If more than one inference can be drawn from the evidence, the grant of a JNOV is improper and the case must be left to the jury's determination."); *id.* ("The verdict will be upheld if there is any evidence to sustain the factual findings implicit in the jury's verdict."); *Tucker v. Doe*, 413 S.C. 389, 397, 776 S.E.2d 121, 126 (Ct. App. 2015) ("This [c]ourt will reverse the trial court only when there is no evidence to support the ruling below. When considering directed verdict and JNOV motions, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence." (internal citation omitted) (quoting *Welch v. Epstein*, 342 S.C. 279, 300, 536 S.E.2d 408, 418–19 (Ct. App. 2000))).

5.  We find the circuit court did not err in denying Howard's motion for a new trial based upon the damages awarded because evidence in the record supports the verdict.  *See* Rule 59(a), SCRCP ("A new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the State . . . ."); *Brinkley v. S.C. Dep't of Corr.*, 386 S.C. 182, 185, 687 S.E.2d 54, 56 (Ct. App. 2009) ("The grant or denial of new trial motions rests within the discretion of the circuit court, and its decision will not be disturbed on appeal unless its findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law."); *Kelley v. Wren*, 415 S.C. 379, 393, 782 S.E.2d 406, 413 (Ct. App. 2016) ("The trial court and this court must give 'substantial deference' to the jury's determination of damages." (quoting *Burke v. AnMed Health,* 393 S.C. 48, 56, 710 S.E.2d 84, 88 (Ct. App. 2011))); *id.* ("Whether the verdict is so excessive as to require a new trial is within the discretion of the trial court."); *Burke*, 393 S.C. at 57, 710 S.E.2d at 89 ("In exercising this deference, we recognize the unique position of the trial judge to hear the evidence firsthand, evaluate the credibility of

the witnesses, and assess the impact of the wrongful conduct on the plaintiff in terms of damages."); *id.* (holding that although the jury's award was "generous," the trial court did not err in denying the motion for a new trial because it "was uniquely able to understand [the plaintiff's] damages, and likewise, uniquely able to evaluate the appropriateness of the jury's award").

6.  We find the circuit court did not erroneously admit the challenged exhibits. *Johnson v. Sam English Grading, Inc.*, 412 S.C. 433, 448, 772 S.E.2d 544, 551 (Ct. App. 2015) ("The admission of evidence is within the trial court's discretion." (quoting *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 439, 540 S.E.2d 113, 121 (Ct. App. 2000))); *id.* ("The court's ruling to admit or exclude evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law." (quoting *R & G Constr., Inc.*, 343 S.C. at 439, 540 S.E.2d at 121)); *id.* at 448, 772 S.E.2d at 552 ("To warrant a reversal based on the admission of evidence, the appellant must show both error and resulting prejudice." (quoting *Conway v. Charleston Lincoln Mercury Inc.*, 363 S.C. 301, 307, 609 S.E.2d 838, 842 (Ct. App. 2005))); Rule 1006, SCRE ("The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation, provided the underlying data are admissible into evidence."); Rule 901(a), SCRE ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); Rule 901(b)(1), SCRE (stating that evidence may be authenticated by the testimony of a witness with knowledge); *Deep Keel, LLC v. Atl. Private Equity Grp., LLC*, 413 S.C. 58, 64, 773 S.E.2d 607, 610 (Ct. App. 2015) ("'[T]he burden to authenticate . . . is not high' and requires only that the proponent 'offer[ ] a satisfactory foundation from which the jury could reasonably find that the evidence is authentic.'" (alteration in original) (quoting *United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014)). Even if the circuit court erroneously admitted the exhibits, Howard failed to show how he was prejudiced by the admission of these exhibits when they were cumulative to exhibits admitted without objection.  *See Campbell v. Jordan*, 382 S.C. 445, 453, 675 S.E.2d 801, 805 (Ct. App. 2009) ("When improperly admitted evidence is merely cumulative, no prejudice exists, and therefore, the admission is not reversible error.").

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**