**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Willie Singleton and Julia Thomas, Heirs at Law of
Victoria Gadson, deceased, Plaintiffs,

v.

City of Georgetown Building Official Stephen Stack,
Mayor Lynn Wood Wilson, Mayor Pro Temp Brendon
M. Barber, Sr., Council Member Peggy P. Wayne,
Council Member Clarence Smalls, Council Member
Paige B. Sawyer, III, Council Member Rudolph A.
Bradley, Council Member Jack Scoville, Director of
Building Planning Sabrina Morris, Steve Thomas, City
Administrator, and The City of Georgetown, Defendants,

Of whom Willie Singleton is the Appellant/Respondent,

and

The City of Georgetown is the Respondent/Appellant.

Appellate Case No. 2016-000251

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2019-UP-050
Submitted September 19, 2018 – Filed February 6, 2019

**AFFIRMED**

Bonnie Travaglio Hunt, of Hunt Law LLC, of North Charleston, for Appellant/Respondent.

Douglas Carter Baxter, of Richardson Plowden & Robinson, of Myrtle Beach, and Carmen Vaughn Ganjehsani, of Richardson Plowden & Robinson, of Columbia, for Respondent/Appellant.

---

**PER CURIAM:**  In this cross-appeal arising from an action for damages related to the demolition of a house and the destruction of personal property therein, Willie Singleton argues the circuit court erred in (1) denying his motion for recusal and (2) directing a verdict in favor of the City of Georgetown (the City) on his claim for damages related to the demolished house.  The City argues the circuit court erred in (1) denying its motion for a directed verdict as to damages for Singleton's personal property, (2) denying its motion for a new trial absolute, (3) denying its motion for remittitur, and (4) admitting into evidence a consent agreement disciplining a City building official (the Consent Agreement).  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

## I.  Singleton's Appeal

1.  The circuit court properly denied Singleton's motion for recusal because Singleton failed to provide any supporting evidence that would cause the circuit court's impartiality to be reasonably questioned.  *See Koon v. Fares*, 379 S.C. 150, 156, 666 S.E.2d 230, 234 (2008) ("A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including instances where he has a personal bias or prejudice against a party."); Rule 3(E)(1), CJC, Rule 501, SCACR ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ."); *Christensen v. Mikell*, 324 S.C. 70, 74, 476 S.E.2d 692, 694 (1996) ("To compel recusal, the alleged bias of the judge must be personal, as distinguished from judicial, in nature."); *Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) ("Under South Carolina law, if there is no evidence of judicial prejudice, a judge's failure to disqualify himself will not be reversed on appeal."); *id.* ("It is not sufficient for a party seeking disqualification to simply allege bias; the party must show some evidence of bias or prejudice.").

2.  The circuit court did not err in directing a verdict for the City as to Singleton's claim for damages regarding the demolished house because Singleton failed to provide any evidence he owned the house.  *See* Rule 50(a), SCRCP ("When upon a trial the case presents only questions of law the judge may direct a verdict."); *Winters v. Fiddie*, 394 S.C. 629, 644, 716 S.E.2d 316, 324 (Ct. App. 2011) ("In deciding whether to grant or deny a directed verdict motion, the trial court is concerned only with the existence or nonexistence of evidence."); *McKaughan v. Upstate Lung & Critical Care Specialists, P.C.*, 421 S.C. 185, 189, 805 S.E.2d 212, 214 (Ct. App. 2017) ("When reviewing a trial court's ruling on a directed verdict motion, this court will reverse if no evidence supports the trial court's decision or the ruling is controlled by an error of law." (quoting *Burnett v. Family Kingdom, Inc.*, 387 S.C. 183, 188, 691 S.E.2d 170, 173 (Ct. App. 2010))); S.C. Code Ann. § 62-3-101 (Supp. 2018) ("Upon the death of a person, his real property devolves to the persons to whom it is devised by his last will . . . or in the absence of testamentary disposition, to his heirs . . . ."); S.C. Code Ann. § 62-2-102 (Supp. 2018) ("The intestate share of the surviving spouse is:  (1) if there is no surviving issue of the decedent, the entire intestate estate; (2) if there are surviving issue, one-half of the intestate estate."); S.C. Code Ann. § 62-2-103 (Supp. 2018) (providing the part of the intestate estate that does not pass to the surviving spouse is equally divided among the issue of the decedent if they are all of the same degree of kinship).

## II.  The City's Appeal

1.  Viewing the evidence in the light most favorable to Singleton, the evidence supports the circuit court's denial of the City's directed verdict motion regarding Singleton's personal property.  *See Winters*, 394 S.C. at 644, 716 S.E.2d at 324 ("In deciding whether to grant or deny a directed verdict motion, the trial court is concerned only with the existence or nonexistence of evidence."); *Roddey v. Wal-Mart Stores E., LP*, 415 S.C. 580, 588, 784 S.E.2d 670, 675 (2016) ("When ruling on a motion for a directed verdict, the trial court must view all evidence and all reasonable inferences in the light most favorable to the nonmoving party, and if the evidence is susceptible of more than one reasonable inference, the trial court should submit the case to the jury."); *Fickling v. City of Charleston*, 372 S.C. 597, 603, 643 S.E.2d 110, 114 (Ct. App. 2007) ("When considering a motion for a directed verdict, neither the appellate court nor the trial court has authority to decide credibility issues or to resolve conflicts in the testimony and evidence."); *McClary v. Massey Ferguson, Inc.*, 291 S.C. 506, 511, 354 S.E.2d 405, 408 (Ct. App. 1987) ("The reasonableness of actions to mitigate damages is ordinarily a question for the jury."); *Cisson Constr., Inc. v. Reynolds & Assocs., Inc.*, 311 S.C.

499, 503, 429 S.E.2d 847, 849 (Ct. App. 1993) ("The reasonableness of a party's actions to mitigate damages is a question of fact which cannot be decided as a matter of law when there is conflicting evidence."); *Roddey*, 415 S.C. at 588, 784 S.E.2d at 675 ("[I]f the evidence is susceptible of more than one reasonable inference, the trial court should submit the case to the jury.").

2.  The circuit court did not err in denying the City's motion for a new trial absolute.  *See* Rule 59, SCRCP ("A new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the State."); *Brinkley v. S.C. Dep't of Corr.*, 386 S.C. 182, 185, 687 S.E.2d 54, 56 (Ct. App. 2009) ("The grant or denial of new trial motions rests within the discretion of the circuit court, and its decision will not be disturbed on appeal unless its findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law."); *Burke v. AnMed Health*, 393 S.C. 48, 57, 710 S.E.2d 84, 89 (Ct. App. 2011) ("[A]s an appellate court, we sit neither to determine whether we agree with the verdict nor to decide whether we agree with the trial judge's decision not to disturb it.  As described above, we employ a highly deferential standard of review when considering the trial judge's ruling on each of the grounds for a new trial.  In exercising this deference, we recognize the unique position of the trial judge to hear the evidence firsthand, evaluate the credibility of the witnesses, and assess the impact of the wrongful conduct on the plaintiff in terms of damages."); *Brinkley*, 386 S.C. at 185, 687 S.E.2d at 56 ("A circuit court may grant a new trial absolute on the ground that the verdict is excessive or inadequate."); *Burke*, 393 S.C. at 56, 710 S.E.2d at 88 ("However, this power may be exercised only when the verdict 'is shockingly disproportionate to the injuries suffered and thus indicates that passion, caprice, prejudice, or other considerations not reflected by the evidence affected the amount awarded.'" (quoting *Becker v. Wal-Mart Stores, Inc.*, 339 S.C. 629, 635, 529 S.E.2d 758, 761 (2000))).

3.  The circuit court did not err in denying the City's motion for remittitur because the City did not demonstrate the verdict was excessive, nor did it provide a compelling reason for the circuit court to invade the jury's province.  *See Proctor v. S.C. Dep't of Health & Envtl. Control*, 368 S.C. 279, 320, 628 S.E.2d 496, 518 (Ct. App. 2006) ("The trial court alone has the power to grant a new trial *nisi* when he finds the amount of the verdict to be merely inadequate or excessive."); *Burke*, 393 S.C. at 56, 710 S.E.2d at 88 ("If the trial court determines that the verdict is 'merely excessive,' the court has the power to reduce the verdict by granting a new trial nisi remittitur."); *Proctor*, 368 S.C. at 320, 628 S.E.2d at 518 ("The consideration for a motion for a new trial *nisi remittitur* requires the trial judge to consider the

adequacy of the verdict in light of the evidence presented."); *id.* ("[C]ompelling reasons must be given to justify invading the jury's province by granting a new trial *nisi remittitur*."); *Burke.* 393 S.C. at 56, 710 S.E.2d at 88 ("A jury's determination of damages is entitled to 'substantial deference.'").

4.  The circuit court did not err in admitting into evidence the Consent Agreement because it was relevant to Singleton's theory of negligence.  Through the Consent Agreement, the South Carolina Building Codes Council sanctioned a City building official for actions taken on behalf of the City in demolishing the property at issue in this case.  *See Johnson v. Sam English Grading, Inc.*, 412 S.C. 433, 448, 772 S.E.2d 544, 551 (Ct. App. 2015) ("The admission of evidence is within the trial court's discretion.  The court's ruling to admit or exclude evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law." (quoting *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 439, 540 S.E.2d 113, 121 (Ct. App. 2000))); *id.* at 448, 772 S.E.2d at 552 ("To warrant a reversal based on the admission of evidence, the appellant must show both error and resulting prejudice."  (quoting *Conway v. Charleston Lincoln Mercury Inc.*, 363 S.C. 301, 307, 609 S.E.2d 838, 842 (Ct. App. 2005)); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 402, SCRE ("All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of South Carolina, statutes, these rules, or by other rules promulgated by the Supreme Court of South Carolina."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *Johnson*, 412 S.C. at 448, 772 S.E.2d at 552 ("The trial court has wide discretion in determining the relevancy of evidence."); *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005) ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof."); *Winters v. Fiddie,* 394 S.C. 629, 649, 716 S.E.2d 316, 327 (Ct. App. 2011) (holding the consent order between a realtor and LLR was admissible because it was evidence of whether she knowingly failed to disclose mold to the buyers and "its probative value outweighed its prejudicial effect").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.